IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 1:25-CR-00272-MSN |
| JAMES B. COMEY, JR., | |
| Defendant. | |

ORDER

The parties, having conferred regarding a timetable and procedures for pretrial disclosures in accordance with Fed. R. Crim. P. 16.1 and Local Criminal Rule 12, have agreed and upon their joint motion, it is hereby ORDERED as follows:

I. Discovery and Inspection

ORDERED that, pursuant to Fed. R. Crim. P. 16(a), no later than 5 business days before the deadline for pretrial motions, the government shall provide to the defense or make available for inspection and copying materials listed below that are in the possession of the U.S. Attorney's Office for the Eastern District of Virginia.[1] Material subject to disclosure acquired after the deadline shall be disclosed promptly, and all disclosures must be made no later than 5 business days before trial, unless the government establishes good cause. Later-discovered evidence or material shall also be promptly disclosed pursuant to Fed R. Crim. P. 16(c).

---

[1] For cases where an early pretrial motion deadline or other circumstances make this timeline infeasible, the parties will discuss alternatives for disclosure and, if appropriate, request an extension of the pretrial motion deadline as needed to satisfy the disclosure obligations under this provision and facilitate preparation for trial.

1. The government shall disclose to the defendant and make available for inspection, copying, or photographing: any relevant written or recorded statements made by the defendant, or copies thereof, within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government; that portion of any written record containing the substance of any relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent; recorded testimony of the defendant before a grand jury which relates to the offense charged; and the substance of any other relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known by the defendant to be a government agent if the government intends to use that statement at trial.

2. The government shall furnish to the defendant such copy of his prior criminal record, if any, as is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government.

3. The government shall permit the defendant to inspect and copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the government, and which are material to the preparation of his defense or are intended for use by the government as evidence in chief at the trial, or were obtained from or belong to the defendant.

4. The government shall permit the defendant to inspect and copy or photograph any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are within the possession, custody, or control of the government, the existence of

which is known, or by the exercise of due diligence may become known to the attorney for the government, and which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.

It is further ORDERED that:

5. The government shall disclose to the defendant no later than 15 business days before trial:

- a complete statement of all opinions that the government will elicit from the witness;
- the bases and reasons for the opinions;
- the witness's qualifications, including a list of all publications authored in the previous 10 years; and
- a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition;

for all testimony the government intends to use at trial under Fed. R. Evid. 702, 703, or 705, unless the expert testimony is to be offered in response to a previously noticed expert of a defendant, in which case the disclosure pursuant to this paragraph must be provided not later than 5 business days prior to trial. Such a disclosure shall include the same information listed above for initial expert disclosures (including any opinions the government intends to elicit from the witness in response to the defendant's designated expert witness(es)). In an appropriate case, and for good cause shown, either party may move the Court for an Order requesting earlier or later disclosure of expert witness notice and summaries.

It is further ORDERED that, pursuant to Fed. R. Crim. P. 16(b), upon government compliance with the foregoing, the defense shall provide the materials listed below in a prompt manner, and all disclosures must be made no later than 5 business days before trial, unless the defense establishes good cause. Later-discovered evidence or material shall be produced pursuant to Fed R. Crim. P. 16(c).

6. The defendant shall permit the government to inspect and copy or photograph books, papers, documents, data, photographs, tangible objects, or copies or portions thereof, which the defendant intends to use in the defendant's case-in-chief at trial.

7. The defendant shall permit the government to inspect and copy or photograph any results or reports of physical or mental examination and of scientific test or experiments made in connection with the particular case, or copies thereof, within the possession or control of the defendant, which the defendant intends to use in the defendant's case-in-chief at trial or which were prepared by a witness whom the defendant intends to call at the trial when the results or reports relate to his testimony.

It is further ORDERED that:

8. The defendant shall disclose to the government no later than 15 business days before trial:

- a complete statement of all opinions that the defense will elicit from the witness;
- the bases and reasons for the opinions;
- the witness's qualifications, including a list of all publications authored in the previous 10 years; and

4

- a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition;

for all testimony the defendant intends to use at trial under Fed. R. Evid. 702, 703, or 705, unless the expert testimony is to be offered in response to a previously-noticed expert of a government, in which case the disclosure pursuant to this paragraph must be provided not later than 5 business days prior to trial. Such a disclosure shall include the same information listed above for initial expert disclosures (including any opinions the defendant intends to elicit from the witness in response to the government's designated expert witness(es)). In an appropriate case, and for good cause shown, either party may move the Court for an Order requesting earlier or later disclosure of expert witness notice and summaries.

## II.  Federal Rule of Evidence 404(b)

It is further ORDERED that, no later than 10 business days before trial, the government shall provide written notice to the defendant, in accordance with Fed. R. Evid. 404(b)(3), of the permitted purpose and reasoning supporting the purpose for admissibility of any evidence of other crimes, wrongs, or acts of defendant which it intends to introduce at trial, except that, upon motion of the government and for good cause shown, the Court may excuse such pretrial notice.

## III.  *Brady* Material

It is further ORDERED that, in accordance with the Due Process Protection Act and Fed. R. Crim. P. 5(f), the government shall comply with its obligations to produce promptly material favorable to the defense as required by *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny.

## IV. *Jencks/Giglio* Materials

It is further ORDERED that, no later than 5 business days before trial, the government shall produce to the defendant the *Jencks* Act and *Giglio* materials known to the government at that time for the witnesses who will testify in the government's case in chief.

Counsel for the defendant may disclose the contents of said *Jencks* Act and *Giglio* materials to his or her client, but may not provide the client with said documents or reproductions thereof.

At the request of the government and consistent with the ethical responsibilities of defense counsel, all *Jencks* Act, *Giglio* materials and reproductions thereof shall be returned to the United States Attorney's Office forthwith at the conclusion of the litigation of the case.

It is further ORDERED pursuant to Fed. R. Crim. P. 26.2, that no later than 5 business days prior to trial, the defendant, by and through his counsel, shall produce to the government the statements of any witness, other than the defendant, who will testify on behalf of the defendant.

## V. Notice of Alibi or Insanity

It is further ORDERED that, pursuant to Fed. R. Crim. P. 12.1, no later than 15 business days before trial, the defendant, by and through counsel, shall comply with Rule 12.1(a) if the defendant intends to offer a defense of alibi, and further that the defendant and the government shall, following notice of alibi, comply with Rules 12.1(b) and (c) within the time period set out in those rules, except upon motion of the parties and for good cause shown.

It is further ORDERED that, pursuant to Fed. R. Crim. P. 12.2, no later than 30 business days before trial, the defendant, by and through counsel, shall comply with Rule 12.2(a) and 12.2(b) if the defendant intends to offer an insanity defense or expert evidence of a mental

condition, and further that the Court may grant additional trial-preparation time, or make other appropriate orders for good cause shown.

## VI. Stipulations

It is further ORDERED that the parties shall file proposed stipulations with the Court no later than 3 business days before trial. Additional stipulations may be submitted thereafter by the parties upon approval by the Court.

## VII. Modification of Discovery Order

The parties may seek to modify the provisions of this Order depending upon the particular circumstances of a case and may seek modification of the terms of this Order after its entry for good cause.

SO ORDERED:

Date: _October 8, 2025_
Alexandria, Virginia

| We ask for this: | Lindsey Halligan<br>United States Attorney |
|---|---|
| _/s/ Jessica Nicole Carmichael_<br>Jessica Nicole Carmichael<br>Counsel for Defendant | By: _____<br>N. Tyler Lemons<br>Assistant United States Attorney |
| _/s/ Patrick Joseph Fitzgerald_<br>Patrick Joseph Fitzgerald<br>Counsel for Defendant | _____<br>Gabriel J. Diaz<br>Assistant United States Attorney |