# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**JAMES B. COMEY, JR.**<br><br>*Defendant.* | Criminal No. 1:25-CR-272-MSN |

## GOVERNMENT'S MOTION FOR DISCOVERY ORDER

The United States of America, by and through its undersigned attorneys, respectfully submits its Proposed Discovery Order for this Honorable Court's consideration. The United States respectfully requests the Court issue an order for two discovery deadlines. First, the discovery deadline relative to the defendant's initial motions, disqualification of the U.S. Attorney and vindictive/selective prosecution, to be set for October 14, 2025. Second, the remaining discovery to be produced on or before October 20, 2025.[1]

## RELEVANT FACTUAL BACKGROUND

On September 25, 2025, the Defendant was indicted by a federal Grand Jury in the Eastern District of Virginia for making a false statement in violation of 18 U.S.C. § 1001 (Count One) and obstruction of justice in violation of 18 U.S.C. § 1505 (Count Two).

On October 8, 2025, the Court ordered "the parties immediately confer regarding the entry of a joint discovery order" and further ordered "that if after good faith discussions the parties are unable to agree on and file a joint discovery order by Friday, October 10, 2025, . . . the parties

---

[1] The government sought defendant's position on the proposed dates and the defendant objects.

shall each submit a proposed discovery order by Monday, October 13, 2025, at 5:00 p.m. D.E. 24. The Court further ordered "the parties may submit a brief in support of their respective proposed discovery orders, not to exceed a maximum of 10 pages. The parties' briefs shall be filed simultaneously with their proposed discovery orders by Monday, October 13, 2025, at 5:00 p.m." D.E. 24.

## ARGUMENT

### A.  The parties did not agree on a joint discovery order.

Although good faith discussions were attempted by the parties, the parties were unable to agree on a joint discovery order. At best, the defendant's motion for a discovery order mischaracterizes the disagreement between the parties. D.E. 27. In fact, as the government repeatedly informed the defendant, the parties never had a meeting of the minds on the proposed discovery agreement. Additionally, the parties have yet to agree on a discovery protective agreement. Considering the sensitivities and exposure associated with this prosecution, a discovery protective agreement is a vital part of the overall discovery plan.

In the afternoon of October 7, 2025, the parties engaged in their first communications regarding this case. At that time, the government discussed with the defendant the proposed standard EDVA discovery agreement and a discovery protective agreement. At the initial discussion the defendant would not agree until the government provided information on the U.S. Attorney's appointment and the identities of PERSON 1 and PERSON 3 on the Indictment. That evening, the government provided the defendant the standard EDVA discovery agreement and a proposed discovery protective agreement via email. The defendant acknowledged receipt of the government's email at the arraignment on October 8, 2025.

During the arraignment hearing, the government first learned of the defendant's request for two motions deadlines in this case. The government did not disagree with the defendant's request.

2

After the arraignment hearing, and to honor the Court's directives, the parties agreed to a teleconference at 3 p.m. on October 8, 2025. Without further discussions between the parties, at approximately 2:30 p.m., the defendant informed the discovery agreement was signed and they did not "see a need for the 3:00 call any more." On the afternoon of October 9, 2025, the defendant emailed back the government's proposed protective agreement with significant proposed edits. To discuss the discovery matters at issue, the parties agreed to a teleconference the next morning.

On October 10, 2025, at 8:30 a.m., the parties conferred on the outstanding discovery issues. The parties discussed the proposed joint discovery agreement, the discovery protective order, potential filter issues, and CIPA deadlines.[2] The government specifically informed the defendant the parties did not have an agreement as to the discovery order. At 3:12 p.m. the defendant emailed the government asking if it intended to file the standard discovery order by 5:00p.m. Between 3:12 p.m. and 4:41 p.m., nine emails were exchanged between the parties on the proposed discovery agreement. The government repeatedly informed the defendant that issues remained that the parties were not in agreement with, namely, the discovery deadlines and the protective agreement, and the government intended to file its proposed orders with the Court on Monday, October 13, pursuant to this Court's Order at D.E. 24. The defendant persisted that the consent order should be filed by 5 p.m. The government persisted no agreement existed, and the parties should file their respective positions with the Court on Monday, October 13, pursuant to the Court's directives if the parties could not agree. Just before 5 p.m. the defendant filed the purported agreed upon discovery order. D.E. 27.

    B. **<u>Two discovery deadlines are appropriate in this case.</u>**

---

[2] The parties also discussed the Court's directive on a proposed schedule for CIPA motions and the government informed the defendant that Ms. Carmichael had an active clearance and could begin to review any relevant classified material in the case.

3

The defendant requested, the government agreed, and the Court ordered two motions Deadlines, October 20, 2025, and October 30, 2025. Notably, EDVA Local Criminal Rule 12 states that pretrial motions should be filed within 14 days of the arraignment. Here, the 14 day deadline would have been October 22.

The first motions deadline is to address the defendant's assertions the U.S. Attorney was unlawfully appointed, and the prosecution is vindictive/selective. At the arraignment, the defendant stated he required the document(s) appointing the U.S. Attorney. The government has provided the appointment document. Additionally, the defendant has provided a 19-page letter that includes substantial and abnormal requests regarding the vindictive/selective prosecution allegation. These requests are for internal deliberative processes, attorney work product, and potentially privileged information. The government has asked for this material and will need to review it. We respectfully request the Court set the discovery deadline for this material for October 14, 2025.[3]

The defendant's second motions deadline request was to file all other pretrial motions by October 30, 2025. Because the defendant requested differing timelines, and asserted the basis for those timelines, the discovery deadline should run from the second date. Pursuant to the standard EDVA discovery agreement, the deadline for the government to produce Rule 16 materials would be October 23, 2025; however, the government only requests a deadline of October 20, 2025.

C. **Discovery Protection Agreement**

Consistent with the Court's direction at arraignment, the parties have also conferred

---

[3] Following the Court's orders regarding discovery at docket entries 28 and 29, the Government conferred with Defense as to what the discovery deadline is. The Defense position was that, per the Court's Order, discovery could have technically been due on Friday, October 10, 2025. But the notion that discovery was due prior to the Court entering a discovery order is not plausible. Alternatively, the Defense identified October 13, 2025, as the due date. This date is a Federal Holiday and is also inconsistent with the discovery order from this Court that lists discovery as due five *business days* before the pretrial motion deadline.

regarding a discovery protection agreement. The government provided a past template used in the Eastern District of Virginia. The Defense made substantial edits, and the government agreed to those edits in large part. However, the parties still lack agreement as to whether the discovery can be provided and retained by the Defendant. Consistent with this Court's Orders and directives, the government intends to file a proposed discovery protection agreement on October 13, 2025, if the parties are not able to come to an agreement.

## CONCLUSION

Although good faith discussions were attempted by the defendant and the government, the parties were unable to agree on a joint discovery order. Therefore, pursuant to the Court's Order "that if after good faith discussions the parties are unable to agree on and file a joint discovery order by Friday, October 10, 2025, . . . the parties shall each submit a proposed discovery order by Monday, October 13, 2025," the government respectfully requests the initial discovery deadline as to the disqualification of the U.S. Attorney and vindictive/selective prosecution be set for October 14, 2025, and the remaining discovery be produced on or before October 20, 2025.

Respectfully submitted this 11th day of October, 2025

Lindsey Halligan
United States Attorney

_____/S/_____
N. Tyler Lemons
Assistant United States Attorney
North Carolian Bar No. 46199
Gabriel J. Diaz
Assistant United States Attorney
North Carolian Bar No. 49159
2100 Jamieson Avenue
Alexandria, VA 22314
Tel: (703) 299-3700
tyler.lemons@usdoj.gov
gabriel.diaz@usdoj.gov

5

# **CERTIFICATE OF SERVICE**

This is to certify that I have this 11th day of October, 2025, the government served a copy of the foregoing upon the defendant by CM/ECF to:

Jessica Nicole Carmichael
Counsel for Defendant

Patrick Joseph Fitzgerald
Counsel for Defendant

Respectfully submitted,

_____/S/_____
N. Tyler Lemons
Assistant United States Attorney
North Carolian Bar No. 46199
Gabriel J. Diaz
Assistant United States Attorney
North Carolian Bar No. 49159
2100 Jamieson Avenue
Alexandria, VA 22314
Tel: (703) 299-3700
tyler.lemons@usdoj.gov
gabriel.diaz@usdoj.go