IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **United States of America** ) | |
| ) | |
| v. ) | Case No.  1:25CR272 |
| ) | |
| **James Comey** ) | |
| ) | |
| **Defendant.** ) | |

### JAMES COMEY'S RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION FOR PROTECTIVE ORDER

James Comey, by counsel, opposes the government's motion for a protective order (ECF No. 33) and respectfully requests that the Court enter the attached proposed protective order. *See* Def.'s Ex. 1. This protective order differs from the government's requested protective order in several respects. Primarily, it does not prohibit discovery labeled Protected Material from being provided to Mr. Comey for his review. It allows the defense attorneys to show Protected Material to prospective defense witnesses or their counsel. It harmonizes terms (i.e. "defendant's attorney(s)" instead of interchanging "attorney(s) of record"). It allows permission of the Court described in paragraph ten (defense seven) to be made *ex parte*, and it requires the government to selectively designate and label discovery as Protective Material rather than almost all of discovery (*see* paragraph 1).

Protective orders addressing the confidentiality and privacy interests of others should not override a defendant's right to a fair trial. *See United States v.*

*O'Keefe*, No. CRIM. 06-0249 (PLF), 2007 WL 1239204, at *2 (D.D.C. Apr. 27, 2007)(citing *United States v. Libby,* 453 F.Supp.2d 35, 37 (D.D.C.2006) (discussing procedures under the Classified Information Procedures Act)).

    Mr. Comey, a Virginia-licensed attorney admitted to practice in the Eastern District of Virginia, is a former United States Attorney for the Southern District of New York, and later Deputy Attorney General of the United States. He then became director of the FBI. In these positions and others, Mr. Comey has been entrusted with some of the most sensitive and highly guarded information in the country. To assert now, that he cannot be trusted with receiving discovery in his case controverts his long career of distinguished government service at the highest levels. Moreover, no one knows the facts of this case better than Mr. Comey himself. It places his defense at a severe and unnecessary disadvantage to insist that he be prohibited from possessing Protected Material to be able to review and refer to whenever necessary throughout preparation of his defense.

    Similarly, designating essentially all discovery as Protected Material while at the same time prohibiting defense attorneys from being able to show Protected Material to prospective witnesses unduly impedes Mr. Comey's ability to defend his case. Finally, requiring permission of the Court described in paragraph ten to be non-*ex parte* infringes on privileged trial strategy. *See, e.g., United States v. Beckford*, 964 F. Supp. 1010, 1027 (E.D. Va. 1997) (interpreting Rule 17(c) to allow *ex parte* filing seeking issuance of pretrial subpoena which would otherwise

"disclose trial strategy, witness identities or attorney work-product to the Government").[1]

    For all of these reasons, Mr. Comey respectfully requests that the Court enter the proposed Protective Order attached as Exhibit 1.

                              Respectfully submitted,
                              JAMES COMEY
                              By Counsel

                              _____/s/_____
                              Patrick J. Fitzgerald
                              Michigan Bar No. P86579 (*pro hac vice*)
                              Jessica N. Carmichael
                              Virginia Bar No. 78339
                              Carmichael Ellis & Brock, PLLC
                              108 N. Alfred Street, First Floor
                              Alexandria, Virginia 22314
                              (703) 684-7908
                              Patrickjfitzgeraldlawoffice@gmail.com
                              jessica@carmichaellegal.com

---

[1] In the original version of the protective order that the government provided to defense counsel, it allowed for this permission to be sought *ex parte*. Therefore, the defense did not perceive this provision to be in dispute. It was unexpected that it was omitted in the government's filed copy.

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 13th day of October I filed the foregoing pleading through the ECF system, which shall then send an electronic copy of this pleading to all parties in this action.

_____/s/_____
Jessica N. Carmichael
