IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> v. <br><br> **JAMES B. COMEY, JR.** <br><br> *Defendant.* | Criminal No. 1:25-CR-272-MSN |

## MOTION FOR IMPLEMENTATION OF FILTER PROTOCOL

The United States of America, by and through its assigned Filter Team,[1] respectfully files this motion to request authorization and entry of a protocol (Attachment 1, referred to as the "Proposed Protocol") to govern its handling and disclosure of Potentially Privileged Material ("PPM").[2] The Proposed Protocol provides an orderly mechanism for putative privilege holder, the Defendant, James B. Comey, Jr., to assert a privilege with specificity, while also narrowing and resolving potential privilege disputes among these parties and the government, and reserving the role of final privilege adjudication to the Court. The government has conferred with the defense. The defense objects to implementation of the protocol. This is further explained below.

---

[1] Two Assistant United States Attorneys, and their support staff, from a federal district separate from the Eastern District of Virginia and the Eastern District of North Carolina are assigned to the Filter Team in this case. The Filter Team has a separate reporting and supervisory chain from the Prosecution Team and are not part of the Prosecution Team.

[2] "Potentially Protected Material" is defined as material that could potentially garner the protections of the attorney client privilege, work product doctrine, or other legally recognized privileges.

## FACTUAL BACKGROUND

On September 25, 2025, the Defendant was indicted by a federal Grand Jury in the Eastern District of Virginia for making a false statement in violation of 18 U.S.C. § 1001 (Count One) and obstruction of justice in violation of 18 U.S.C. § 1505 (Count Two).

Evidence in the government's custody includes PPM because the evidence was obtained from an attorney. Currently, the quarantined evidence includes an image of a computer hard drive, an iCloud download, the backup of an iPhone, and the backup of an iPad (the "quarantined evidence"). The quarantined evidence was obtained through judicial warrants in a previous government investigation. After obtaining the quarantined evidence, and prior to any review, the attorney in question reviewed the quarantined evidence, withheld purported privileged material, and provided a privilege log to the government. However, the government is not aware of any involvement by the Defendant, or other putative privilege holders, in this prior review.

### A.     Government Engagement with Putative Privilege Holders

To protect any claims of privilege, the Government has alerted defense counsel to the possibility of PPM. Because the Government believes the quarantined evidence may contain PPM, the Government identified and has a Filter Team ready to review and identify PPM on the quarantined evidence and segregate it from the Prosecution Team so that the Prosecution Team would not be exposed to material potentially subject to a claim of privilege or protection.[3]

As such, the Government, through its Filter Team, seeks entry of the Proposed Protocol to authorize the Filter Team to review the quarantined evidence in accordance with the Proposed Protocol for the purposes of identifying, segregating, and disclosing PPM.

---

[3] To date, the Filter Team has not yet reviewed the contents of the quarantined evidence.

## B.     The Proposed Protocol

The Proposed Protocol provides a clear process that strikes a balance between three competing interests. The Protocol: (1) allows the Government to access lawfully seized materials in pursuit of its mission of protecting the public; (2) gives putative privilege holders an opportunity to assert any potential privileges or protections over the materials; and (3) assists the Court in resolving any privilege disputes on an item-by-item basis, as applicable case law requires. Of primary importance in this matter, the Protocol provides a practicable mechanism for privilege holders, the Defendant, to assert privilege, and it sets out a procedure for all parties to narrow and resolve areas of disagreement for expeditious adjudication by the Court of any remaining disputes.

As detailed in the Proposed Protocol, the Protocol initially segregates any PPM from the Prosecution Team unless the potential privilege holder(s) or the Court authorizes disclosure of that PPM. Identification of PPM is based on search terms[4] as well as further review and sampling by the Filter Team.

The Proposed Protocol then outlines how the Filter Team gives the potential privilege holder(s) access to the PPM and an opportunity to assert any alleged protections or privileges with specificity, as applicable case law requires. Once the potential privilege holders have asserted their claims, the Protocol provides a procedure to (1) disclose non-privileged materials to the Prosecution Team and/or (2) narrow areas of disagreement for the Court's adjudication.

The Proposed Protocol further provides measures to safeguard privilege claims. By incorporating Federal Rule of Evidence 502(d), the Protocol discourages parties from asserting privilege claims for the sole purpose of avoiding a waiver of the privilege in other proceedings. Additionally, the Proposed Protocol protects against inadvertent disclosures by creating a process

---

[4] Defense has provided no edits to Appendix A and B. The government will provide a proposed Appendix A to the clerk's office with a motion and proposed order to seal.

by which material is clawed back and addressed through the Protocol. Together, these stipulations ensure a fair and balanced procedure for reviewing the quarantined evidence and handling PPM.

## ARGUMENT

### A. The Proposed Protocol Engages Privilege Holders and the Court and is an Appropriate and Efficient Mechanism for Handling the Disclosure of PPM in the Quarantined Evidence

The Proposed Protocol provides an appropriate vehicle by which the Filter Team may review, identify, segregate, and disclose PPM because it engages the putative privilege holders and the Court, as necessary, throughout the process.

First, the defendant has not explicitly objected to the protocol. As the government understands it, the defense prefers to challenge the underlying search warrant first before any review takes place. This two-tiered process is unacceptable in the government's view because it risks delay. The defense can file any motions while the quarantined evidence is simultaneously being reviewed.

Further, the Proposed Protocol creates a process by which the putative privilege holders remain engaged and may assert a privilege over PPM, with any remaining disputes to be resolved by the Court. Indeed, the Proposed Protocol requires authorization from the potential privilege holder(s) or the Court before the Filter Team may disclose PPM to the Prosecution Team. Thus, this Protocol does not authorize the Government to adjudge whether specific material is privileged. Instead, the Protocol leaves adjudication of any unresolved privilege claims to the Court. *See* Fed. R. Evid. 501. Accordingly, unlike the concerns raised by *In re Search Warrant*, the Government has engaged the putative privilege holders from the onset and will continue to engage them and the Court, if necessary, as prescribed by the Protocol before disclosing any PPM. *Cf. In re Search Warrant Issued June 13, 2019*, 942 F.3d 159, 176-178 (4th Cir. 2019), *as amended* (Oct. 31, 2019)

(discussing concerns of delegating judicial functions to the executive branch where the magistrate judge authorized an *ex parte* filter review of a search warrant return of a law firm).

Nonetheless, because "the party asserting a privilege bears the burden of establishing that privilege," *In re Grand Jury Proc., Thursday Special Grand Jury Sept. Term, 1991*, 33 F.3d 342, 352 (4th Cir. 1994), the Court cannot practically adjudicate the privilege claims at issue without employing an orderly process. Furthermore, courts in this Circuit have repeatedly held that a blanket claim of privilege is not sufficient to support a claim of privilege. *See, e.g., United States v. Bornstein,* 977 F.2d 112, 116 (4th Cir. 1992) (courts "uniformly disallow" a "blanket" assertion of privilege). For these reasons, the proposed Protocol provides the Court with a mechanism by which the potential privilege holder(s) may assert any privilege claims with particularity through a privilege log; all parties may confer in attempts to narrow any disputes; and, if necessary, the Court may inspect PPM *in camera* for adjudication.

Finally, the Protocol protects privilege claims by not only limiting any waiver of a privilege to this proceeding, but also expressly retaining for the privilege holder(s) any claim of privilege with respect to future proceedings. *See* Fed. R. Evid. 502(d) (providing that a court may "order that [a] privilege or protection is not waived by disclosure connected with the litigation pending before the court — in which event the disclosure is also not a waiver in any other federal or state proceeding."). In doing so, the Protocol fashions an efficient process whereby a potential privilege holder need not assert a privilege claim solely out of concern that the privilege will be waived in another proceeding. Consequently, the Protocol allows the parties to focus on the most relevant materials and the most significant claims.

Of note, courts in the Fourth Circuit have entered similar protocols to the one proposed by the Filter Team in this case to handle the segregation and disclosure of PPM. *See, e.g., United States v. Reifler*, No. 1:20-cr-512-1, 2021 WL 2253134 (M.D.N.C. June 2, 2021).

Further, courts in other jurisdictions, including in the Third, Fifth, Sixth, and Eleventh Circuits, among others, have also entered similar protocols to the one proposed here. *See, e.g., United States v. Farizani*, No. 4:21-cr-62, ECF No. 153 (S.D. Tex. Feb. 16, 2024); *United States v. Fletcher*, No. 2:21-cr-64-DLB-CJS, 2022 WL 1118042 (E.D. Ky. Mar. 8, 2022); *United States v. Siefert*, No. 2:21-2-DLB-CJS, 2021 WL 3076940 (E.D. Ky. July 17, 2021); *United States v. Salahaldeen*, No. 3:20-cr-839, 2021 WL 2549197 (D.N.J. May 7, 2021); *United States v. Lloyd and Strong,* No. 9:25-cr-80015 (S.D. Fla.), *United States v. Martinez and Vazquez*, No. 24-cr-20343, ECF No. 49 (S.D. Fla. Sep. 24, 2024); *United States v. Blackman*, No. 23-cr-20271, ECF No. 105 (S.D. Fla. Apr. 3, 2024); *United States v. Waxman*, No. 21-cr-60253, ECF No. 105 (Aug. 12, 2022).

Accordingly, where, as here, a court is faced with potential claims of attorney-client privilege that may exist on material subject to search and seizure, the Proposed Protocol provides a practical means for engaging privilege holders, narrowing and ultimately adjudicating any privilege claims, and giving the Government lawful access to seized material to support its mission of protecting the public.

[REMAINDER OF PAGE LEFT BLANK INTENTIONALLY]

## **CONCLUSION**

In sum, the Proposed Protocol creates a fair and efficient disclosure process that engages putative privilege holders and gives them the opportunity to assert valid privilege claims, enables the parties to narrow areas of disagreement, and reserves the adjudication of any remaining disputes for the Court. For these reasons, the Government respectfully requests that this Court grant its Motion for a Filter Protocol Governing Disclosure of Potentially Privileged Materials and enter the Proposed Protocol.

Respectfully submitted this 13th day of October, 2025

                                            Lindsey Halligan
                                            United States Attorney

                                            _____/S/_____
                                            N. Tyler Lemons
                                            Assistant United States Attorney
                                            North Carolian Bar No. 46199
                                            Gabriel J. Diaz
                                            Assistant United States Attorney
                                            North Carolian Bar No. 49159
                                            2100 Jamieson Avenue
                                            Alexandria, VA 22314
                                            Tel: (703) 299-3700
                                            tyler.lemons@usdoj.gov
                                            gabriel.diaz@usdoj.gov

**CERTIFICATE OF SERVICE**

This is to certify that I have this 13th day of October, 2025, the government served a copy of the foregoing upon the defendant by CM/ECF to:

Jessica Nicole Carmichael
Counsel for Defendant

Patrick Joseph Fitzgerald
Counsel for Defendant

                                            Respectfully submitted,

                                            _____/S/_____
                                            N. Tyler Lemons
                                            Assistant United States Attorney
                                            North Carolian Bar No. 46199
                                            Gabriel J. Diaz
                                            Assistant United States Attorney
                                            North Carolian Bar No. 49159
                                            2100 Jamieson Avenue
                                            Alexandria, VA 22314
                                            Tel: (703) 299-3700
                                            tyler.lemons@usdoj.gov
                                            gabriel.diaz@usdoj.gov