IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **United States of America** )<br>　　　　　　　　　　　　　　　　) <br>　　v.　　　　　　　　　　　　　)　　Case No.  1:25CR272-MSN<br>　　　　　　　　　　　　　　　　)<br>**James B. Comey, Jr.**　　　　　 )<br>　　　　　　　　　　　　　　　　)<br>　　**Defendant.**　　　　　　　　 ) | |

### JAMES COMEY'S REPONSE TO GOVERNMENT'S
### MOTION FOR EXPEDITED RULING

James B. Comey, Jr., by counsel, respectfully requests that the Court deny the government's request for an expedited decision (ECF No. 54) on the government's Motion for Implementation of Filter Protocol (ECF No. 38).

Without any prior notice to the defense, the government filed the instant motion, ECF No. 54. The defense needs the two weeks afforded by Local Rule 12, until October 27, 2025, to review the relevant warrants and materials at issue in the discovery and respond to the government's motion, particularly in light of the substantive motion schedule. This is important because based on the defense's review to date, it appears that the government's continued review of the materials is unlawful. Finally, the government's effort to defame lead defense counsel provides no basis to grant the motion. The Court should deny the government's motion for an expedited decision.

I.  *The defense is entitled to respond within the time provided by the local rules.*

The defense needs the two weeks provided by the local rules to respond to the government's motion by reviewing the relevant warrants and materials in discovery. This is critically important to avoid trampling on Mr. Comey's legal privileges and to ensure that the government does not proceed with an unlawful review.

When the government first raised the privilege protocol with the defense, on October 10 and 11, the defense asked for an opportunity to review the underlying warrants at issue to determine whether Mr. Comey would agree to the protocol. The government refused to provide the warrants before filing its motion for a filter protocol, and did not produce the warrants until late in the evening of October 13, 2025.

The government acknowledges that the warrants were obtained "in a previous investigation" from "an attorney." (ECF No. 38 at 2.) What the government does not say was that the warrants at issue were obtained by prosecutors ████ ████████████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████[1] What is more, the warrants seized

---

[1] The government designated discovery containing some of the information in these sentences as Protected Materials under the Protective Order in this case. Although the defense sees no reason why this information cannot be made public, out of an abundance of caution, the defense is redacting these sentences from public filing in the first instance.

2

███████████████████████████████████████████████████████████████████

██████████████████████████████████████ Mr. Comey did not participate in the prior review of those materials.

The government has to date refused to answer the defense's questions about the legal basis to continue to review materials pursuant to ██████████ that ████████████████████████. Similarly, the government has refused to answer questions about what, precisely, it intends to review from the prior warrants. Particularly in the face of the government's refusal to answer basic questions about this proposed review, and in light of the serious privilege and constitutional concerns apparent from even a superficial review of the warrants, the defense needs time to diligently review the discovery to respond to this motion.[2] Concerns about the potential review are amplified because the defense has reason to believe █ ██████████████████████████████████████████████████████████████████ ████████████████████████████████████████, as set forth in a sealed exhibit. (*See* Exhibit A).

The defense shares the government's desire to avoid delay. But that desire does not give the government license to conduct an unlawful review or run roughshod over Mr. Comey's privilege. For these reasons, the defense seeks sufficient time, as provided in the local rules, until October 27, 2025, to respond to the motion.

---

[2] The defense is also devoting significant time to the substantive motions due today and October 30, 2025.

3

    II.    *The government's defamation of lead defense counsel provides no basis to grant the government's motion.*

The government's assertion that Mr. Comey "used current lead defense counsel to improperly disclose classified information," and the implicit assertion lead defense counsel and Mr. Comey engaged in criminal activity by doing so, is provably false and in any event provides no basis to grant the motion to expedite. (ECF No. 54 at 2).

The August 2019 Inspector General ("OIG") Report ("the Report") cited by the government demonstrates that. Notably, there was no "leaking" of classified information to the press by either Mr. Comey or his counsel. Full stop. The Report "found no evidence that Comey or his attorneys released any of the classified information contained in any of the Memos to the media." (Report at 2).

Moreover, the OIG specifically addressed Mr. Comey's sharing of certain memoranda with his defense counsel (including lead defense counsel in this case) in May 2017. After Mr. Comey was fired on May 9, 2017, he sought legal advice with respect to his termination and with regard to having witnessed behavior by the President that he considered unlawful. Mr. Comey had written seven contemporaneous memoranda about his troubling interactions with President Trump. He adjudged three memoranda to contain classified information and four to be unclassified. Mr. Comey shared those four unclassified memoranda (one in redacted form) with his lead defense counsel on May 14, 2017, who then shared those memoranda (at Mr. Comey's direction) with the other attorneys on May 17,

4

2017. (Report at 2, 13).[3] The memoranda were unclassified at the time they were shared with counsel–Mr. Comey both authored the memos and was an Original Classification Authority. (*Id.* at 1, 16, 52). Mr. Comey did not share the classified memoranda with counsel.[4]

Thereafter, on June 7, 2017, some weeks after the unclassified memoranda had been shared with counsel, the government decided to "upclassify" one of the four unclassified memos to "CONFIDENTIAL," the lowest level of classification.[5] Contrary to the government's assertion, a later upclassification does not change the fact that when the memoranda were initially transmitted, they were in fact unclassified. Additionally, the upclassification itself was an after-the-fact judgment call.[6] Promptly after Mr. Comey learning that one of his memos had been

---

[3] There was never any allegation that lead defense counsel shared the memoranda (or their contents) with anyone other than defense counsel.

[4] The OIG expressly found that Mr. Comey "never shared" the classified memos "with anyone outside the FBI." (Report at 1).

[5] The Government also upclassified the original version of another of the four memoranda. But that memorandum had been transmitted in redacted form to counsel, and the OIG found that the redaction obscured the information that was later upclassified. (*Id.* at p. 2; 59 at fn. 101).

[6] The portion of the memorandum the review team determined should be classified as "Confidential" concerned the President's reference to then National Security Advisor Michael Flynn's questionable judgment in not having notified the President sooner of a call from the leader of a particular country. (Report at 44). In that context, President Trump compared certain countries to a smaller country and the upclassification treated the name of a smaller country as classified for fear of offending that country. (*Id.* at 44-45). Mr. Comey's reaction to the upclassification was: "Are you guys kidding me?" (*Id.* at 47). A federal court in unrelated litigation brought under the Freedom of Information Act ("FOIA") ultimately rejected all but one of the subsequent classifications. (*Id.* at 3 n.4; 47 n.78; 58 n.100 (citing *Cable News Network, Inc., v. FBI*, 384 F. Supp. 3d 19, 25-26, 36, 38 (D.D.C. 2019))). The

upclassified to CONFIDENTIAL, one of Mr. Comey's counsel alerted the FBI to counsels' possession of the memos, one of which was now deemed "CONFIDENTIAL." (Report at 14).[7] Not surprisingly, the Department of Justice promptly declined a criminal investigation of the matter. (*Id*. at 2,10).

In short, there is no good faith basis for attributing criminal conduct to either Mr. Comey or his lead defense counsel. Similarly, there is no good faith basis to claim a "conflict" between Mr. Comey and his counsel, much less a basis to move to disqualify lead defense counsel.

For all of these reasons, the Court should deny the Government's request to deviate from the standard 14 days afforded under Local Rule 12 to respond to the government's Motion for Implementation of Filter Protocol, and order that such a response be due October 27, 2025.

<div style="margin-left: 50%;">

Respectfully submitted,
JAMES COMEY
By Counsel
      /s/
Jessica N. Carmichael (VA Bar No. 78339)
CARMICHAEL ELLIS & BROCK, PLLC
108 N. Alfred Street, First Floor
Alexandria, VA 22314
Telephone: (703) 684-7908
Facsimile: (703) 649-6360
Email: jessica@carmichaellegal.com

</div>

---

classification of the memorandum has been addressed in subsequent litigation and the single word that remains "CONFIDENTIAL" is the name of a single country.

[7] It was not until months later in September 2017, however, that the FBI took steps to recover these upclassified memoranda from Mr. Comey's counsel, reflecting the level of sensitivity of the information involved. (Report at 52 n.79). Remediation was not completed until January 2018. (*Id*. at 14, 51).

Patrick J. Fitzgerald (*pro hac vice*)
(Mich. Bar No. P86579)
P.O. Box 277
New Buffalo, MI 49177
Telephone: (312) 758-4454

Rebekah Donaleski (*pro hac vice pending*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6000

Ephraim A. McDowell (*pro hac vice pending*)
Elias S. Kim (*pro hac vice pending*)
COOLEY LLP
1299 Pennsylvania Ave. NW, Suite 700
Washington, DC 20004
Telephone: (202) 842-7800

Michael R. Dreeben (*pro hac vice pending*)
600 New Jersey Ave. NW
Washington, DC 20001
Telephone: (202) 695-2562

*Counsel for Defendant James B. Comey, Jr.*

7

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of October I filed the foregoing pleading through the ECF system, which shall then send an electronic copy of this pleading to all parties in this action.

                                                                                  /s/
                                                Jessica N. Carmichael