IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

UNITED STATES OF AMERICA,

v.

JAMES B. COMEY, JR.,

*Defendant*.

Criminal No. 1:25-cr-272-MSN

ORDER

This matter comes before the Court on the government's Motion for Expedited Ruling with respect to its Motion for Implementation of Filter Protocol. ECF 54.

At Defendant's arraignment on October 8, 2025, the Court set this matter for a jury trial and issued a briefing schedule for pretrial motions. ECFs 19, 23. The Court's Order set Monday, October 20, 2025, as the deadline for the first round of pretrial motions and Thursday, October 30, 2025, as the deadline for any additional pretrial motions. *Id.*

On October 13, 2025, the government filed its Motion for Implementation of Filter Protocol, seeking entry of a filter protocol to govern review of electronic evidence "obtained from an attorney" for potentially privileged material acquired through "judicial warrants in a previous government investigation." ECF 38 at 1–2. Local Criminal Rule 12(A) provides a default of fourteen days to respond to any motion, and the government failed to seek an expedited briefing schedule when it filed the motion.

Nevertheless, six days later, on Sunday, October 19, 2025, at 7:17 p.m., the government filed the instant motion, seeking an expedited ruling on its previously-filed filter protocol motion. ECF 54. The government asked for an expedited ruling "so that current trial milestones are

maintained and met" and because "based on publicly disclosed information,[1] the defendant [allegedly] used current lead defense counsel to improperly disclose classified information," which the government suggests may give rise to a conflict or litigation to disqualify lead defense counsel, Mr. Patrick Fitzgerald. ECF 54 at 1–3.

On October 20, 2025, Defendant filed an opposition to the government's motion to expedite, requesting the standard response deadline set by the Local Criminal Rules "to review the relevant warrants and materials at issue in the discovery and respond to the government's [filter protocol] motion, particularly in light of the substantive motion schedule." Defendant claimed that this allotted time is "critically important to avoid trampling on [his] legal privileges and to ensure that the government does not proceed with an unlawful review." ECF 55 at 1–2. Specifically, Defendant argues that the government has refused to specify what it intends to review. *Id*. at 3. He also states that the underlying warrants were "obtained by prosecutors in a different district more than five years ago[,] in an investigation that closed without criminal charges[,] and [] authorized the seizure of evidence related to separate offenses that are not charged here." *Id*. at 2. And, there is "reason to believe that the two principal FBI investigators may already have been tainted by exposure" to privileged information. *Id.* at 3. Defendant claims that all this requires diligent consideration by the defense and comes as "[t]he defense is also devoting significant time to the substantive motions due today and October 30, 2025." *Id*. at 3 n.3 Defendant further asserts that the government's claim that he "used current lead defense counsel to improperly disclose classified information" and the government's implicit assertion that the two engaged in criminal activity is

---

[1] The government's source is an August 2019 Justice Department Inspector General report. ECF 54 at 2-3; *see* U.S. Department of Justice (DOJ) Office of the Inspector General (OIG), Report of Investigation of Former Federal Bureau of Investigation Director James Comey's Disclosure of Sensitive Investigative Information and Handling of Certain Memoranda, Oversight and Review Division Report 19-02, (August 2019), (located at https://web.archive.org/web/20250818022240/https://oig.justice.gov/reports/2019/o1902.pdf, last accessed October 20, 2025).

2

"provably false" based on public information and provides no basis to support the government's motion to expedite or any conflict or disqualification motion. *Id.* at 4–6.

Having considered the pleadings, the Court will deny the government's motion to expedite. The Court will require Defendant to file any response to the government's filter protocol motion on or before October 27, 2025, as provided by Local Criminal Rule 12(A). The Court finds that this timeframe balances the need for expediency with the need to ensure that Defendant has a fair opportunity to submit a response to the government's motion in light of the complexity and seriousness of the issues identified by Defendant.[2]

Accordingly, it is hereby

ORDERED that the government's Motion for Expedited Ruling (ECF 54) is DENIED; and it is further

ORDERED that Defendant shall respond to the government's Motion for Implementation of Filter Protocol (ECF 38) on or before October 27, 2025.

The Clerk of Court is directed to forward a copy of this Order to counsel of record.

**IT IS SO ORDERED**.

/s/<br>Michael S. Nachmanoff<br>United States District Judge

October 20, 2025
Alexandria, Virginia

---

[2] To the extent the government expresses concern about adhering to the schedule set by the Court at arraignment, the Court notes that the government has had the materials at issue in its possession for several years and apparently failed to seek any guidance with respect to a filter protocol at any time before October 13, 2025. Moreover, the government was fully aware of Mr. Fitzgerald's participation in this case as early as September 25, 2025 (ECF 4), and the report that forms the basis of the claim that "[D]efendant used lead defense counsel to improperly disclose classified information" has been public knowledge since its 2019 publication. And yet, the government failed to raise any concern with lead counsel's representation until the filing of the government's motion to expedite on October 19, 2025.