IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| **THE UNITED STATES OF AMERICA,** *v.* **JAMES B. COMEY, JR.,** *Defendant.* | CRIMINAL NO. 1:25-CR-272-MSN |

**UNITED STATES' RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISCLOSE GRAND JURY MATERIALS**

Defendant James B. Comey, Jr.'s Motion to Disclose Grand Jury Proceedings, Dkt. No. 106, should be denied. As explained below, and in the government's Additional Briefing on Disclosure of Grand Jury Materials, Dkt. No. 172, the defendant is not entitled to lift the veil of secrecy protecting the grand jury's work.

Federal Rule of Criminal Procedure 6(e)(3)(E)(ii) allows for disclosure of grand jury material when a defendant "shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." The defendant alleges that "multiple constitutional violations" and a "highly irregular procedure" led to his indictment, giving rise to a "reasonable inference of irregularities before the grand jury." Def. Mem., Dkt. No. 106 at 1, 10. But those claims are not about "matter[s] that occurred before the grand jury." And they are based only on speculation and surmise—not the required objective evidence showing there were grand jury irregularities. Rule 6(e) does not allow disclosure of secret grand jury material to a defendant relying on unsubstantiated allegations of grand jury manipulation to further his search for evidence

that might bolster motions to dismiss based on grounds unrelated to grand jury proceedings.[1] The motion for disclosure should be denied.

I. BACKGROUND

On October 13, 2025, the government moved for implementation of a filter protocol to govern its handling and disclosure of potentially privileged material. Gov't Mot., Dkt. No. 38. The request focused on evidence seized pursuant to D.D.C. search warrants issued in a related investigation in 2019 and 2020. The defendant opposed the motion. Def. Resp. in Opp., Dkt. No. 71. In doing so, he claimed that lead case agents "may have been exposed to attorney-client privileged materials." *Id.* at 6. On October 29, 2025, the Court appointed United States Magistrate Judge William E. Fitzpatrick "to preside over all proceedings related to the potential review of privileged materials in this case." Order, Dkt. No. 102 at 1–2.

On October 30, 2025, the defendant filed the pending Motion and Memorandum in Support of Motion to Disclose Grand Jury Proceedings. Def. Mem., Dkt. No. 106. In it, he "requests that the Court direct the government to disclose the transcripts and audio recordings of all proceedings before the grand jury in this case" under Rule 6(e)(3)(E)(ii). *Id.* at 1. He raises three purported grounds for disclosure: that "the indictment arises from multiple constitutional violations," which "support a reasonable inference of irregularities before the grand jury"; that "the circumstances surrounding the return of the indictment in this case indicate that the government may have misstated key factual and legal issues to the grand jury"; and that "the agent who served as a

---

[1] As explained in the government's earlier briefing, Gov't Resp. to Order, Dkt. No. 172 at 4–10, the defendant's claim that potentially privileged information may have been shared with the grand jury cannot be a basis for disclosing grand jury material under Rule 6(e). Even so, at the government's request, Judge Fitzpatrick has undertaken *in camera* review to resolve this claim.

witness in the proceedings may have been exposed to Mr. Comey's privileged communications with his attorneys and thus may have conveyed that information to the grand jury." *Id.*

During a November 5 hearing on the filter protocol before Judge Fitzpatrick, the government explained that an agent recently reviewing digital data from one of the 2019 and 2020 D.D.C. warrants observed a conversation that might have "involved attorney-client confidences." 11/5/25 Tr. at 12:23–13:6. The agent "immediately stopped" his review and alerted supervisors, and no further review has occurred. *Id.*; *see also* Aff., Dkt. Nos. 172-1 & 172-2.

The defense stated that it was unknown whether the information seized under the 2019 and 2020 warrants had undergone a responsiveness review. *Id.* at 19:9–14. And defense counsel argued that, if the government had accessed "both the nonresponsive and responsive set," it "clearly" would have violated the Fourth Amendment. *Id.* at 20:11–19. Judge Fitzpatrick asked defense counsel, "What information do you need that you don't have in order to file a motion to properly challenge the original search, the continued use?" *Id.* at 23:14–16. Counsel responded that, among other things, they needed to know, "What does the government have now? What did they access and provide to the grand jury? . . . Where did they get those materials?" *Id.* at 24:17–20. Judge Fitzpatrick ordered the government to produce "all grand jury materials" to the defense by 5:00 pm the next day. *Id.* at 26:21–22.

The government appealed the disclosure order. Appeal, Dkt. No. 164. And the Court remanded the matter to Judge Fitzpatrick "for further proceedings to analyze whether there are particularized and factually based grounds for disclosure." Order, Dkt. No. 167 at 2.

In briefing before Judge Fitzpatrick, the defendant asserted that there were "[c]oncerns about taint arising from the improper use of potentially privileged and unconstitutionally-obtained materials" and argued that he needed access to grand jury material to determine whether "tainted

3

and improperly obtained materials were presented to the grand jury." Def. Resp. to Order, Dkt. No. 171 at 2 & n.2. The government argued that Rule 6(e) does not permit the defendant to access grand jury material so he can search for grounds that might support a motion to suppress or to dismiss based on alleged Fourth Amendment and privileged violations. Gov't Resp. to Order, Dkt. No. 172 at 1. It argued the defendant had not carried his heavy burden of showing particularized, factually based evidence that a ground may exist to dismiss the indictment based on a matter that occurred before the grand jury. *Id.* And it asserted that, even if the defendant could prove the government violated the Fourth Amendment or attorney-client privilege in its grand jury presentation, neither error could be a basis to dismiss the indictment, so neither could be a basis for disclosing grand jury material under Rule 6(e). *Id.* Nonetheless, the government proposed that Judge Fitzpatrick undertake *in camera* review of the grand jury testimony to confirm that the defendant's claims are baseless. *Id.*

On November 10, Judge Fitzpatrick ordered the government to produce, for *in camera* review, "all materials relating to the September 25, 2025 grand jury proceedings, including complete audio recordings and transcripts reflecting (i) all testimony presented to the grand jury and (ii) any statements made by any prosecutor, law enforcement officer, or witness to the grand jury, or in the presence of the grand jury." Order, Dkt. No. 177 at 1–2. The government complied the same day. Dkt. No. 179. Judge Fitzpatrick also allowed the defendant to file an *ex parte* submission to assist the Court in its review of the grand jury material. Order, Dkt. No. 177 at 2.

## II. ARGUMENT

The government has provided Judge Fitzpatrick the grand jury transcript and audio recording for *in camera* review to aid his determination of whether the defendant's Fourth

4

Amendment and privilege claims show particularized and factually based reasons for disclosure.[2] Rule 6(e) does not permit any further disclosure of grand jury material.

"The veil of secrecy that protects grand jury proceedings is well-established, as is the sensible rationale for such secrecy." *United States v. Nguyen*, 314 F. Supp. 2d 612, 615 (E.D. Va. 2004) (citing *Douglas Oil Co. of California v. Petrol Stops Nw.*, 441 U.S. 211, 218 (1979)). "It has long been established that the indispensable secrecy of grand jury proceedings must not be broken except where there is a compelling necessity, and such necessity must be shown with particularity." *United States v. Ramirez*, --- F. Supp. 3d ----, 2025 WL 3019248, at *16 (C.D. Cal. 2025) (quotation marks omitted).

Rule 6(e) codifies the "long-established policy of maintaining the secrecy of grand jury proceedings." *United States v. Penrod*, 609 F.2d 1092, 1096 (4th Cir. 1979); *see also* Fed. R. Crim. P. 6(e). The Rule permits disclosure of grand jury material in specific, limited circumstances. The defendant relies on only one: Rule 6(e)(3)(E)(ii), which allows courts to authorize disclosure of a grand jury matter "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii).

A defendant moving for disclosure under Rule 6(e)(3)(E)(ii) must demonstrate that "particularized and factually based grounds exist to support the proposition that irregularities in the grand jury proceedings may create a basis for dismissal of the indictment." *Nguyen*, 314 F. Supp. 2d at 616 (collecting cases). This is a "heavy burden," given that "grand jury proceedings are entitled to a strong presumption of regularity." *Id.* (citing *Hamling v. United States*, 418 U.S.

---

[2] The government has also provided the grand jury transcript and audio recording to Judge Currie, who found it is "necessary to determine the extent of the indictment signer's involvement in the grand jury proceedings" in resolving the defendant's motion to dismiss based on the allegedly improper appointment of the U.S. Attorney. *See* Order, Dkt. No. 95.

87 (1974)). The burden cannot be satisfied with "conclusory or speculative allegations of misconduct." *Id.* (quotation mark omitted). And grand jury disclosure requests "will be denied in all but extraordinary circumstances." *United States v. Harris*, No. 5:07-CR-22, 2007 WL 1724298, at *5 (N.D.W.Va. June 14, 2007).

Importantly, "the desire to investigate whether any grand jury impropriety has occurred is insufficient to rebut the strong presumption of regularity in grand jury proceedings." *Nguyen*, 314 F. Supp. 2d at 617. "A contrary rule would eviscerate the shield of secrecy protecting grand juries." *Id.* If a defendant "proffers no evidence or basis to believe that any grand jury irregularity or impropriety exists, disclosure of grand jury matters is wholly unwarranted." *See id.*

The defendant's vague and unsubstantiated allegations of irregularity—which are primarily focused on events that occurred either before or after the grand jury proceedings—do not show a particularized need for disclosure. His motion should be denied.

### A. Disclosure is not warranted based on alleged constitutional violations that gave rise to the defendant's indictment.

The defendant first requests access to grand jury materials because, he claims, they will "bolster" the arguments made in his motions to dismiss alleging due-process, equal-protection, and Appointments Clause violations. Def. Mem., Dkt. No. 106 at 13–14. But he also argues that those (alleged) constitutional violations raise the "strong possibility" of "irregularities in the grand jury proceedings" that warrants disclosure of grand jury information. *Id.* at 12. So, his argument goes, he gets to see secret grand jury material because constitutional violations occurred. But he also needs to see the grand jury material to show those constitutional violations occurred. This circular logic doesn't square with Rule 6(e)'s high bar for disclosure and should be rejected.

First, the defendant is plainly not seeking grand jury material to prove "a ground may exist to dismiss the indictment *because of a matter that occurred before the grand jury*." *See* Fed. R.

6

Crim. P. 6(e)(3)(E)(ii) (emphasis added). He admits as much. He seeks disclosure because it is "reasonably calculated to provide additional support for [his] argument that he would not have been prosecuted but for President Trump's animus toward [him]." Def. Mem., Dkt. No. 106 at 13. He believes grand jury material will "bolster" his motions to dismiss. *Id.* But those motions are not based on "a matter that occurred before the grand jury." They challenge actions that unquestionably occurred before the grand jury convened to indict him. One is based on the U.S. Attorney's appointment; the other is based on what the defendant believes are the motives for his prosecution. *See* Def. Mot. to Dismiss, Dkt. No. 59 & 60. Even assuming there were merit to those motions, they would not show "that grounds exist to support the proposition that irregularities may have occurred *in the grand jury proceedings*." *See United States v. Naegele*, 474 F. Supp. 2d 9, 10 (D.D.C. 2007) (emphasis added). Rule 6(e) does not allow the defendant to inspect grand jury material in hopes that it will support motions to dismiss based on conduct unrelated to grand jury proceedings.

Second, the defendant has provided no "particularized and factually based grounds" to believe there were grand jury irregularities. He moved to dismiss for vindictive and selective prosecution based on nothing but speculation and innuendo. *See generally*, Govt's Resp. to Mot. to Dismiss, Dkt. No. 138. Now, he stacks conjecture on top of that speculation to baldly assert that, based on the U.S. Attorney's "close, longstanding relationship" with the President, "there is a substantial risk that during her presentation to the grand jury, [she] made statements that would support Mr. Comey's motion to dismiss." Def. Mem., Dkt. No. 106 at 14. His "[s]peculation and surmise as to what occurred during the grand jury proceeding is not a substitute for fact." *United States v. Abcasis*, 785 F. Supp. 1113, 1120 (E.D.N.Y. 1992) (citation modified). And it does not

7

"establish a particularized need" for grand jury material. *United States v. Taylor*, No. 6:21-cr-13, 2022 WL 17585255, at *2 (E.D. Ky. Dec. 12, 2022).

Rule 6(e)(3)(E)(ii) does not permit disclosure of grand jury material to aid the defendant in his search for evidence that might support his motions to dismiss based on matters unrelated to the grand jury proceedings.

**B. Disclosure is not warranted based on the allegedly irregular circumstances surrounding the return of the indictment.**

The defendant's second argument fares no better. It has two parts. One is that "there is a significant risk that the government did not explain to the grand jury that it was required to identify specific questions to support Count One." Def. Mem., Dkt. No. 106 at 15. The other is that the "highly irregular procedures that led to the indictment increase the risk that the government misstated key legal and factual issues to the grand jury." *Id.* at 16. Neither suffices under Rule 6(e)(3)(E)(ii).

First, the defendant offers no "particularized and factually based" showing to support his theory that the grand jury was misinstructed on the elements of Count One. "To warrant disclosure of grand jury materials on the ground of improper instruction, a defendant must produce an 'objective basis' to believe that the grand jury was improperly instructed." *United States v. Wahib*, 578 F. Supp. 3d 951, 958 (N.D. Ohio 2022). "The mere suspicion that the grand jury may not have been properly instructed is insufficient to establish that [the defendant is] entitled either to dismissal of the indictment or to disclosure of grand jury materials." *Taylor*, 2022 WL 17585255, at *2 (citation modified) (quoting *United States v. Trie*, 23 F. Supp. 2d 55, 62 (D.D.C. 1998)).

The defendant relies on the absence of Senator Cruz's questions from the indictment's text and on his opinion that those questions were "fundamentally ambiguous" to claim that the government may not have adequately explained the law of 18 U.S.C. § 1001(a)(2) to the grand

jury. Def. Mem., Dkt. No. 106 at 14–15. But the indictment tracks the statutory language and includes all the elements required to prove a violation of Section 1001(a)(2). *See United States v. Smith*, 54 F.4th 755, 766 (4th Cir. 2022) (listing elements of § 1001 conviction). "Nothing in the indictment suggests that proof of anything less than these elements would be sufficient to find probable cause." *Wahib*, 578 F. Supp. 3d at 958.

To the extent the defendant disagrees with how the indictment was drafted, the language of the indictment "is clearly not instructions to the grand jury," so it cannot be evidence to support a claim that the government misstated the law. *United States v. Invidior Inc.*, No. 1:19-cr-16, 2019 WL 6039969, at *7 (W.D. Va. Nov. 14, 2019). The defendant has not shown a "particularized need" for grand jury materials. *Id*. He has not "alleged exact, well-grounded facts to support" his claim of irregularities, *id.*, or produced the required "objective basis" to believe the jury was misinstructed, *Wahib*, 578 F. Supp. 3d at 958. Instead, he has made "precisely the sort of unsubstantiated, purely speculative allegation that cannot support the very high bar for disclosure."[3] *See United States v. Singla*, 692 F. Supp. 3d 1341, 1366 (N.D. Ga. 2023).

Second, the defendant relies on nothing but "vague allegations, bald assertions of impropriety, [and] speculation about what the grand jury materials may reveal" to support his claim that "highly irregular procedures" infected the grand jury's deliberations and merit disclosure. *See*

---

[3] The defendant also suggests that the margin of the grand jury's vote "shows that any presentation of additional law or facts that was favorable for Mr. Comey likely would have led them not to return an indictment." Def. Mem., Dkt. No. 106 at 15. But the government is not required to present evidence that is favorable to the accused, and courts cannot look behind facially valid indictments to "scrutinize[e] the sufficiency of the prosecutor's presentation." *United States v. Williams*, 504 U.S. 36, 51, 54 (1992). The Court should reject the suggestion that the grand jury could not have been properly instructed "because, if it had been, it would not have returned the indictment." *Wahib*, 578 F. Supp. 3d at 961. "[A] motion challenging the indictment is not the appropriate vehicle by which a defendant may contest the truth of the charges against him." *Id*. So it cannot be grounds for disclosing grand jury material under Rule 6(e)(3)(E)(ii).

*Ramirez*, 2025 WL 3019248, at *16 (quoting *United States v. Giraud*, --- F. Supp. 3d ----, 2025 WL 2416737, at *29 (D.N.J. 2025)).  That is insufficient.  *Id.*

The defendant asks the Court to assume that the U.S. Attorney "failed to give basic instructions to the grand jury and to accurately answer their questions."  Def. Mem., Dkt. No. 106 at 16–17.  He points to events that occurred before the grand jury presentation (like the departure of the previous interim U.S. Attorney and the appointment of the indicting U.S. Attorney) and after the grand jury returned a true bill (like the return proceeding) and argues they "support a finding that 'inherently suspect procedures were used before the grand jury.'"  *Id.*  Even if the Court were to credit his unsupported characterization of those events, it would not show grounds for dismissal "because of a matter that occurred before the grand jury."  *See* Fed. R. Crim. P. 6(e)(3)(E)(ii).

So the defendant engages in rank speculation about the grand jury's deliberation.  He asserts—without a single cited source—that the U.S. Attorney made the "highly unusual decision" to "not excuse the grand jury for the day" after it initially returned a no true bill, which "could have sent the message that the grand jurors would not be permitted to leave unless and until they returned a true bill."  Def. Mem., Dkt. No. 106 at 16.  Then, despite repeatedly commenting on how late the grand jury deliberated, *id.* at 1, 7, 16, he surmises that its consideration was "coercive and rushed," *id.* at 17.  And that, he claims, gives "reason to believe that the grand jury might have been provided with a materially incorrect factual or legal presentation to induce it to indict."  *Id.*

The defendant's story is high on rhetoric but low on fact.  Although the grand jury did originally return a "no true bill," the foreperson made clear that it was only as to Count One of the first proposed indictment.  Report, Dkt. No. 3; 9/25 Tr., Dkt. No. 10 at 6.  That the grand jury stayed to return a two-count indictment after it had already found probable cause on those two counts suggests that it was the grand jury's decision to continue its work—not the prosecutor's.

10

And that it did so after business hours suggests that it engaged in a thoughtful, thorough, deliberative process—not a "coercive and rushed" one.  *See* Def. Mem., Dkt. No. 106 at 17.  The defendant's "unsubstantiated allegations of grand jury manipulation do not satisfy the 'particularized need' standard."  *United States v. Cole*, 755 F.2d 748, 759 (11th Cir. 1985).  And his "desire to investigate whether any grand jury impropriety has occurred is insufficient to rebut the strong presumption of regularity in grand jury proceedings."  *Nguyen*, 314 F. Supp. 2d at 617.  He has not carried his burden under Rule 6(e)(3)(E)(ii).

### III.  CONCLUSION

The defendant's speculative and unsubstantiated allegations of irregularity do not show that a ground may exist to dismiss the indictment "because of a matter that occurred before the grand jury."  Rule 6(e)(3)(E)(ii) does not permit disclosure of grand jury material, and his motion should be denied.

Respectfully submitted this 13th day of November, 2025.

Lindsey Halligan
United States Attorney

_____*/S/*_____
Gabriel J. Diaz
Assistant United States Attorney
North Carolina Bar No. 49159
N. Tyler Lemons
Assistant United States Attorney
North Carolina Bar No. 46199
2100 Jamieson Avenue
Alexandria, VA 22314
Tel: (703) 299-3700
gabriel.diaz@usdoj.gov
tyler.lemons@usdoj.gov

## **CERTIFICATE OF SERVICE**

This is to certify that I have this 13th day of November, 2025, the government served a copy of the foregoing upon the defendant by CM/ECF to:

Jessica Nicole Carmichael
Counsel for Defendant

Patrick Joseph Fitzgerald
Counsel for Defendant

Rebekah Donaleski
Counsel for Defendant

Respectfully submitted,

_____/S/_____
Gabriel J. Diaz
Assistant United States Attorney
North Carolina Bar No. 49159
N. Tyler Lemons
Assistant United States Attorney
North Carolina Bar No. 46199
2100 Jamieson Avenue
Alexandria, VA 22314
Tel: (703) 299-3700
gabriel.diaz@usdoj.gov
tyler.lemons@usdoj.gov