IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**JAMES B. COMEY, JR.**<br><br>*Defendant*. | Criminal No. 1:25-CR-272-MSN |

## EMERGENCY MOTION TO STAY THE MAGISTRATE JUDGE'S ORDER TO ALLOW TIME FOR THE GOVERNMENT TO FILE ITS OBJECTIONS TO THE ORDER TO THE DISTRICT COURT PURUSANT TO RULE 59

The government files this emergency stay of the Magistrate Judge's November 17, 2025, order, Dkt. No. 193, directing the Clerk of Court to make available to the defense all grand jury materials filed on the docket under seal by the government by 3:00 p.m. and directing the government to produce to the defense the complete audio recording of the grand jury proceedings by 5:00 p.m. on November 17, 2025.

Pursuant to Fed. R. Crim. Pro 59(a), the government "may serve and file objections to the order within 14 days after being served with a copy of a written order or after the oral order is stated on the record, or at some other time the court sets." Therefore, the government respectfully requests the Court stay the Magistrate Judge's order pending this Court's consideration of timely objections by the government. *Id.*  Although 14 days is contemplated within Rule 59(a), the government only asks to file its objections within one week, November 24, 2025.

I.  **BACKGROUND**

On October 13, 2025, the government moved for Implementation of Filter Protocol seeking approval of a filter protocol to govern its handling and disclosure of potentially privileged material. Dkt. No. 38.[1]  The defendant opposed the motion on October 27, 2025.  Dkt. No. 71.  In his response in opposition, he asked the Court to "direct the government to disclose" five categories of information related to the protocol, none of which related to grand jury materials.  *Id.* at 12.

On October 29, 2025, the Court noted that "briefing on the government's proposed filter protocol raises several legal questions that must be resolved before any protocol is authorized." Dkt. No. 102 at 2.  Citing the government's motion and the defendant's response, Dkt. Nos. 38 & 71, the Court appointed a Magistrate Judge "to preside over all proceedings related to the potential review of privileged materials in this case" and directed the Magistrate Judge "to promptly schedule a hearing to address these matters."  Dkt. No. 102 at 1–2.

On October 30, 2025, the defendant filed a Motion and Memorandum in Support of Motion to Disclose Grand Jury Proceedings.  Dkt. No. 106.  In it, he "requests that the Court direct the government to disclose the transcripts and audio recordings of all proceedings before the grand jury in this case" under Federal Rule of Criminal Procedure 6(e)(3)(E)(ii).  *Id.* at 1.  He argued, in part, that disclosure is required because "the agent who served as a witness in the proceedings may have been exposed to Mr. Comey's privileged communications with his attorneys and thus may have conveyed that information to the grand jury."  *Id.*

Under the Court's scheduling order entered on October 8, the government's response to the Motion to Disclose Grand Jury Proceedings was due on November 13, 2025.  Dkt. No. 19.

---

[1] On October 19, 2025, the government moved to expedite ruling on its motion for implementation of a filter protocol. Dkt. No. 54.  The following day, the defendant filed a response in opposition to an expedited ruling, requesting the full 14 days to file a response. Dkt. No. 55.

2

The defendant's reply is due on November 20. *Id.* And a hearing has been set for December 9. *Id.*

During his November 5, 2025 hearing on the filter protocol, the Magistrate Judge ordered the government to produce "all grand jury materials" to the defendant by close of business on November 6. Dkt. No. 161. On November 6, 2025, the government field an appeal of the magistrate judge's order to this Court. Dkt. No. 164. On November 7, 2025, the Court remanded the issue back to the magistrate judge "for further proceedings to analyze whether there are particularized and factually based grounds for disclosure" of the grand jury materials.

On November 10, 2025, the Magistrate Judge held a telephonic hearing on the issue. Dkt. No.176. The Magistrate Judge requested the government produce, *in camera*, all the grand jury materials, which the government provided to the court by close of business that day, and informed the defendant he could submit any *ex parte* information regarding the grand jury materials by the following day. *Id.*

On November 17, 2025, at 10:38 a.m., the Magistrate Judge ordered "that, by 3:00 p.m. on November 17, 2025, the Clerk of Court shall make available to the defense all grand jury materials filed on the docket under seal by the government (ECF 179); and . . . that the government shall, no later than 5:00 p.m. on November 17, 2025, produce to the defense the complete audio recording of the grand jury proceedings."

## II.    ARGUMENT

The Magistrate Judge's new order is contrary to law and the government should be allowed to object to the order. Thus, the Court should stay the Magistrate Judge's order pending this Court's consideration of timely objections by the government.

Under Federal Rule of Criminal Procedure 59(a), a "district judge may refer to a magistrate

3

judge for determination any matter that does not dispose of a charge or defense." Fed. R. Crim. P. 59(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("a judge may designate a magistrate judge to hear and determine" pretrial matters pending before the court). After the magistrate judge "enter[s] on the record an oral or written order," a "party may serve and file objections to the order within 14 days." Fed. R. Crim. P. 59(a). "The district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous." *Id.* "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *In re Eli Lilly & Co.*, 580 F. Supp. 3d 334, 337 (E.D. Va. 2022) (quotation marks omitted).

The "long-established policy of maintaining the secrecy of grand jury proceedings" is codified in Federal Rule of Criminal Procedure 6(e). *United States v. Penrod*, 609 F.2d 1092, 1096 (4th Cir. 1979). The Rule provides just "three circumstances in which a court may lift the veil of secrecy." *United States v. Loc Tien Nguyen*, 314 F. Supp. 2d 612, 615 (E.D. Va. 2004). And the defendant's motion for disclosure relies on only one: Rule 6(e)(3)(E)(ii), which allows a court to authorize disclosure of a grand-jury matter "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." *See* Dkt. No. 106 at 1.

The exception in Rule 6(e)(3)(E)(ii) "is not an invitation to engage in a fishing expedition to search for grand jury wrongdoing and abuse when there are no grounds to believe that any wrongdoing or abuse has occurred." *Loc Tien Nguyen*, 314 F. Supp. 2d at 616. "Because grand jury proceedings are entitled to a presumption of regularity, a defendant seeking disclosure of grand jury information under Rule 6(e)(3)(E)(ii) bears the heavy burden of establishing that *particularized and factually based* grounds exist to support the proposition that irregularities in the grand jury proceedings may create a basis for dismissal of the indictment." *Id.* (quotation

4


marks omitted, emphasis added). "[T]he desire to investigate whether any grand jury impropriety has occurred is insufficient to rebut the strong presumption of regularity in grand jury proceedings." *Id.* at 617.

In deciding whether to release grand jury materials, courts must "balance the petitioner's need for release against the traditional public interest reasons for grand jury secrecy." *United States v. Eury*, No. 1:20-cr-48, 2021 WL 276227, at *12 (M.D.N.C. Jan. 27, 2021). And "only in those cases where the need for disclosure outweighs the public interest in secrecy will the requirement of particularized need for release be found to exist." *Id.* "Due to the heavy burden facing [the] defendant, grand jury testimony will be denied in all but extraordinary circumstances." *United States v. Harris*, No. 5:07-cr-22, 2007 WL 1724298, at *5 (N.D.W.V. June 14, 2007).

The government's position is that disclosure of grand jury materials is not warranted under the facts presented to the Magistrate Judge. Indeed, the government believes the Magistrate Judge may have misinterpreted some facts he found when issuing the latest order to release the grand jury materials to the defendant. For instance, whether the defendant has any standing to challenge the Richman materials, the full context of the statements made by the prosecutor to the grand jury, that Agent-3 was exposed to potentially privileged material, and that two indictments were presented to the grand jury. Additionally, the Magistrate Judge acknowledges he "did not immediately recognize any overtly privileged communications." Dkt. No. 192 at 14. The possible exposure of privileged materials to the grand jury was the primary focus of the Magistrate Judge's inquiry. Having seemingly settled that issue, the Magistrate Judge turns to premature issues such as suppression that have not even been briefed by the parties.

### III. CONCLUSION

For the reasons stated herein, the government respectfully requests the Court stay the

Magistrate Judge's order pending this Court's consideration of timely objections by the government. *Id.* Although 14 days is contemplated within Rule 59(a), the government only asks to file its objections within one week, November 24, 2025.

Respectfully submitted this 17th day of November, 2025.

<div style="text-align: right;">

Lindsey Halligan
United States Attorney

_____/S/_____
Gabriel J. Diaz
Assistant United States Attorney
North Carolina Bar No. 49159
N. Tyler Lemons
Assistant United States Attorney
North Carolina Bar No. 46199
2100 Jamieson Avenue
Alexandria, VA 22314
Tel: (703) 299-3700
gabriel.diaz@usdoj.gov
tyler.lemons@usdoj.gov

</div>

## **CERTIFICATE OF SERVICE**

This is to certify that I have this 17th day of November, 2025, the government served a copy of the foregoing upon the defendant by CM/ECF to:

Jessica Nicole Carmichael
Counsel for Defendant

Patrick Joseph Fitzgerald
Counsel for Defendant

Rebekah Donaleski
Counsel for Defendant

Respectfully submitted,

_____/S/_____
Gabriel J. Diaz
Assistant United States Attorney
North Carolina Bar No. 49159
N. Tyler Lemons
Assistant United States Attorney
North Carolina Bar No. 46199
2100 Jamieson Avenue
Alexandria, VA 22314
Tel: (703) 299-3700
gabriel.diaz@usdoj.gov
tyler.lemons@usdoj.gov