IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JAMES B. COMEY, JR.<br><br>*Defendant*. | Criminal No. 1:25-CR-272-MSN |

## NOTICE PURSUANT TO THE COURT'S NOVEMBER 19, 2025 ORAL ORDER

The Court on November 19, 2025 ordered the parties to submit briefs regarding the effect, if any, of *Gaither v. United States*, 413 F.2d 1061 (D.C. Cir. 1969), on this prosecution. As explained below, *Gaither* does not require dismissal of this Indictment. In *Gaither*, the grand jury never saw any version of the eventual indictment. In this case, the grand jury was provided the proposed Indictment, deliberated, and determined that probable cause existed to believe that the defendant had committed the crimes charged in two counts.

On September 25, 2025, the U.S. Attorney presented a proposed three-count indictment to the grand jury. *See* Dkt. 3 at 2–4. The foreperson of the grand jury "reported that 12 or more grand jurors did not concur in finding an indictment" as to proposed "Count 1 only." *See id.* at 2; *see also* Fed. R. Crim. P. 6(c), (f). Consequently, the foreperson signed an indictment that contained only the two counts for which the grand jury had determined that probable cause existed to indict. *See* Dkt. 1. The two charges contained in that indictment are identical to the second and third charges that were included in the proposed indictment that was provided to the grand jury. *Compare* Dkt. 1 *with* Dkt. 3 at 2–4. Only the numbering of the counts (*i.e.*, proposed Count Two became Count One, and proposed Count Three became Count Two) and the paragraphs differ.

Given that the grand jury was presented with the two counts on which it voted to return an indictment and in fact voted upon those counts, *Gaither* does not require dismissal.

The Court of Appeals for the D.C. Circuit in *Gaither* concluded in relevant part that the preparation of an indictment by a prosecutor and its approval by a grand jury foreperson after "the grand jury voted to 'present' the defendants for grand larceny," *see* 413 F.2d at 1065, "was erroneous" and violative of Rule 6 of the Federal Rules of Criminal Procedure, since "the presentment on its face show[ed] no more than the grand jury's decision that appellants should be charged with grand larceny," "[n]one of the essential substantive elements of an indictment [were] shown]," and "[n]either the elements of the offense nor the date or place of the alleged crime [was] set out." *See id.* at 1070, 1071. The grand jury, the court determined, had not in fact "pass[ed] on the actual terms of an indictment." *See id.* at 1071.

But the procedure described in *Gaither* stands in marked contrast to the grand jury presentation in this case. Here, the two counts contained in the operative indictment were "voted by more than twelve ordinary citizens after the actual terms" of those counts "were fully presented to them." *United States v. Perholtz*, 622 F. Supp. 1253, 1262 (D.D.C. 1985) (Gessell, J.). Thus, unlike in *Gaither*, the grand jury here "pass[ed] on the actual terms of [the] indictment," consistent with Rule 6 of the Federal Rules of Criminal Procedure. *See Gaither*, 413 F.2d at 1071; *see also, e.g.*, *United States v. Niedelman*, 356 F. Supp. 979, 983 (S.D.N.Y. 1973) (noting that the Court of Appeals in *Gaither* determined that "the grand jurors as a group were never given an opportunity to see the indictment they had voted to return, and the court condemned the practice"). Thus, unlike in *Gaither*, where there was never any "grand jury indictment in the legal sense," the deletion of the proposed first count from the indictment that was returned "brought about no deviation in substance from what the grand jury decided to charge." *United States v. Bush*, 659 F.2d 163, 167

n.39 (D.C. Cir. 1981).

Suggestion that *Gaither* requires a successive vote by a grand jury that has voted to return an indictment on at least one count but not others—or that a grand jury is required to return an indictment reflecting a count on which the grand jury did not find probable cause to indict—finds no support in either Rule 6 of the Federal Rules of Criminal Procedure or in *Gaither* itself.

Rule 6 of the Federal Rules of Criminal Procedure provides that a "grand jury may indict only if at least 12 grand jurors concur," and that if "12 jurors do not concur in the indictment, the foreperson must promptly and in writing report the lack of concurrence to the magistrate judge." *See* Fed. R. Crim. P. 6(f). Rule 6 simply does not require a successive-voting procedure where there is a mixed return from the grand jury on a multi-count indictment.

Nor does *Gaither*. (And nor could it, because the proposed three-count indictment was in fact presented to the grand jury here.) Indeed, the Court of Appeals in *Gaither* did not dismiss the indictment because it determined that *Gaither* had suffered no prejudice. *See* 413 F.2d at 1075. And in refusing to do so, the Court of Appeals explained that even the defective procedure presented in that case "raise[d] some presumption that the indictment as brought would have been approved by the grand jury had the jurors been given the chance to see it." *See id.* at 1072.

Moreover, the Court of Appeals in *Gaither* further noted that the foreperson's "signature . . . raise[d] a presumption that the indictment reflect[ed] the will of the grand jury," and that if the grand jury transcript "show[ed] a reasonable possibility that the jurors would not have approved of the indictment actually returned to court, but would have insisted on an indictment different in some material respect, the indictment should be dismissed." *See id.* at 1073.

Consequently, *Gaither* provides the defendant no support, since the grand jury in this case did in fact find that probable cause existed to support the crimes charged in the indictment that

3

was returned. And by doing so, they demonstrated that no reasonable possibility exists that the grand jury would not have approved of that indictment, since the grand jury did in fact approve of the charges in the indictment.

Additionally, Supreme Court and Fourth Circuit precedent addressing changes to indictments also support the argument that nothing improper occurred in this case.

In *Russell v. United States*, 369 U.S. 749, 770 (1962), the U.S. Supreme Court held, "[A]n indictment may not be amended except by resubmission to the grand jury, unless the change is merely a matter of form." Since *Russell,* the Fourth Circuit has followed and upheld that principle on numerous occasions. *See United States v. Johnson*, 258 F. App'x 510, 511 (4th Cir. 2007) (holding a pretrial amendment of the indictment did not violate the defendant's Fifth Amendment rights because the amendment only deleted wording and "did not 'broaden the possible bases for conviction beyond those presented by the grand jury.'"); *United States v. Bereano, 161 F.3d 3, 11 (4th Cir. 1998)*. In fact, the Fourth Circuit has explicitly held that amending an indictment is not "fatal" in two circumstances. *Bereano* at 11, citing *U.S. v. Leichtnam,* 948 F.2d 370 (1991) ("'There are, however, two categories of established exceptions to that rule or, perhaps more precisely, two categories of departures or variances from the charges in an indictment that do not constitute "amendments."'").

> First, there is no amendment when the change is "merely a matter of form," such as a correction for a typographical or clerical error or a misnomer, a formal change to the date specified in the indictment within limits, or an inconsistency amounting to a simple matter of semantics. […] Second, an indictment is not amended if "all that has happened is that the evidence or the charges submitted to the trial jury wind up being simply a more limited version of the charges in the indictment. An indictment may be narrowed, either constructively or in fact, without resubmitting it to the grand jury."

*Bereano* at 11.

In *U.S. v. Holt*, 529 F.2d 981 (4th Cir. 1975), the Fourth Circuit succinctly wrote,

4

> An indictment is amended only when it is so altered as to charge a different offense from that found by the grand jury. Therefore, the true inquiry is "whether there has been such a variance as to 'affect the substantive rights' of the accused." In reaching this determination, the primary consideration is the role of the indictment in informing the defendant of the charges in order that he may prepare his defense and in protecting the defendant against another prosecution for the same offense.

*Id.* at 983. The court noted the indictment in that case "clearly fulfilled this dual purpose," that the wording deleted from the indictment was "surplusage" and "the deletion was favorable to the defendant." *Id. See also U.S. v. Mumford*, 630 F.2d 1023, 1028-1029 (1980) (affirming the defendants' convictions and holding "the deletion of the words 'federal grand jury' only narrowed the charges against Randell; indeed the deletion was favorable to Randell since no evidence was presented at trial on this charge."); *Bereano* at 11 ("[C]hange to the indictment is an impermissible amendment if the change broadens the charges presented to the jury allowing them to consider more or different offenses than the grand jury charged.")

Here, the Court has sought clarification as to what occurred with the Grand Jury. The record shows that a duly constituted grand jury considered the presented indictment and returned a true bill as to only Counts Two and Three. Considering *Gaither* and controlling Supreme Court and Fourth Circuit precedent, the government course of conduct here was permissible and proper. The Grand Jury foreperson, as the representative of the Grand Jury, endorsed the revised two count Indictment by signing it and explaining on the record in open Court that the Indictment reflected the vote of the Grand Jury. The Constitutional function and purpose of the grand jury, in all possible respects, was achieved and respected in this Indictment.

Respectfully submitted this 19th day of November, 2025.

Lindsey Halligan
United States Attorney

*/s/ N. Tyler Lemons*
N. Tyler Lemons

                                                              Assistant United States Attorney
North Carolina Bar No. 46199
Gabriel J. Diaz
Assistant United States Attorney
North Carolina Bar No. 49159
2100 Jamieson Avenue
Alexandria, VA 22314
Tel: (703) 299-3700
gabriel.diaz@usdoj.gov
tyler.lemons@usdoj.gov

**CERTIFICATE OF SERVICE**

This is to certify that I have this 19th day of November, 2025, the government served a copy of the foregoing upon the defendant by CM/ECF to:

Jessica Nicole Carmichael
Counsel for Defendant

Patrick Joseph Fitzgerald
Counsel for Defendant

Rebekah Donaleski
Counsel for Defendant

Respectfully submitted,

*/s/ N. Tyler Lemons*
N. Tyler Lemons
Assistant United States Attorney
North Carolina Bar No. 46199
Gabriel J. Diaz
Assistant United States Attorney
North Carolina Bar No. 49159
2100 Jamieson Avenue
Alexandria, VA 22314
Tel: (703) 299-3700
gabriel.diaz@usdoj.gov
tyler.lemons@usdoj.gov