IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| United States of America, ) | |
| ) | |
| v. ) | Case No.: 1:25-CR-00272-MSN |
| ) | |
| James B. Comey, Jr., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**<u>JAMES B. COMEY, JR.'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS INDICTMENT BASED ON FUNDAMENTAL AMBIGUITY AND LITERAL TRUTH</u>**

## TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................................. 1

ARGUMENT ......................................................................................................................... 2

    I.    THE INDICTMENT SHOULD BE DISMISSED BECAUSE SENATOR CRUZ'S QUESTIONS WERE FUNDAMENTALLY AMBIGUOUS ................ 2

        A.    Count One Rests on Questions that No Reasonable Witness Could Have Understood ........................................................................................ 2

        B.    To the Extent Count Two Rests on the Same Questions, It Should Be Dismissed for the Same Reasons ........................................................... 8

    II.    COUNT ONE SHOULD ALSO BE DISMISSED BECAUSE MR. COMEY'S ANSWERS WERE LITERALLY TRUE .......................................... 9

CONCLUSION .................................................................................................................... 11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bronston v. United States*,
  409 U.S. 352 (1973)..................................................................................................11

*Fotie v. United States*,
  137 F.2d 831 (8th Cir. 1943) ........................................................................................6

*United States v. Castner*,
  203 F.3d 823, 2000 WL 103070 (4th Cir. 2000) ..........................................................5

*United States v. Chujoy*,
  207 F. Supp. 3d 626 (W.D. Va. 2016) ........................................................2, 3, 4, 7, 8

*United States v. Farmer*,
  137 F.3d 1265 (10th Cir. 1998) ....................................................................................9

*United States v. Landau*,
  737 F. Supp. 778 (S.D.N.Y. 1990) ............................................................................4, 6

*United States v. Lighte*,
  782 F.2d 367 (2d Cir. 1986)....................................................................................3, 10

*United States v. Paolicelli*,
  505 F.2d 971 (4th Cir. 1974) ........................................................................................6

*United States v. Razzaia*,
  370 F. Supp. 577 (D. Conn. 1973)................................................................................6

*United States v. Ryan*,
  828 F.2d 1010 (3d Cir. 1987)........................................................................................3

*United States v. Sainz*,
  772 F.2d 559 (9th Cir. 1984) ........................................................................................5

*United States v. Serafini*,
  167 F.3d 812 (3d Cir. 1999)..........................................................................3, 5, 6, 8

*United States v. Strohm*,
  671 F.3d 1173 (10th Cir. 2011) ................................................................................7, 8

*United States v. Weissman*,
  No. 94-cr-760, 1996 WL 742844 (S.D.N.Y. Dec. 20, 1996)......................................10

**Statutes**

18 U.S.C. § 1505...............................................................................................................9

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

**Miscellaneous**

Linda F. Harrison, *The Law of Lying: The Difficulty of Pursuing Perjury Under the Federal Perjury Statutes*, 35 U. Tol. L. Rev. 397 (2003) ......................................................4

# INTRODUCTION

When Senator Ted Cruz questioned Mr. Comey at the 2020 Senate Judiciary Committee hearing, any reasonable witness would have had difficulty understanding what he was asking. Senator Cruz's questions—which included both a distorted summary of Mr. Comey's 2017 testimony and a mischaracterized version of recent statements by Andrew McCabe—were riddled with factual inaccuracies and vague terms. So Mr. Comey did what any reasonable witness would do: he briefly referred Senator Cruz to his prior testimony. Yet the government claims that Mr. Comey's seconds-long answers can give rise to a criminal false-statement charge. That claim contradicts settled criminal law doctrine and basic principles of fair notice.

In opposing Mr. Comey's motion to dismiss, the government barely disputes that Senator Cruz's questions are subject to multiple interpretations. Instead, it argues that this Court should trust the jury to figure out which interpretation is the correct one. But it is well established that, as a matter of law, some questions are simply too ambiguous to support a false-statement charge. And although no precise formula dictates whether a question is fundamentally ambiguous, Senator Cruz's questions have all the hallmarks: they raised multiple inquiries but elicited a singular response, alternated between broad and narrow topics, and included several inherently ambiguous terms. In addition, Mr. Comey's responses were literally true. As the government concedes, a witness's reference to prior testimony—without repetition of that testimony—cannot serve as the basis for a false statement. Thus, Count One should be dismissed both because Senator Cruz's questions were fundamentally ambiguous and because Mr. Comey's responses were literally true. To the extent Count Two rests on the same questions as Count One, it should also be dismissed based on fundamental ambiguity.

**ARGUMENT**

I. **THE INDICTMENT SHOULD BE DISMISSED BECAUSE SENATOR CRUZ'S QUESTIONS WERE FUNDAMENTALLY AMBIGUOUS**

    A. **Count One Rests on Questions that No Reasonable Witness Could Have Understood**

Each of Senator Cruz's questions followed the same pattern. First, Senator Cruz referenced Mr. Comey's years-old statement denying that he had authorized leaks while serving as Director of the FBI. *See* ECF No. 105-1 (video clip of exchange).[1] Second, Senator Cruz incorrectly claimed that Mr. McCabe had recently stated that Mr. Comey authorized him to leak information to the Wall Street Journal when he was serving as Deputy Director of the FBI. *Id.*[2] Third, Senator Cruz asked Mr. Comey whether Mr. McCabe was "telling the truth." *Id.*

The best—and perhaps only—interpretation of those questions is that Senator Cruz was asking Mr. Comey to address whether he had authorized Mr. McCabe to leak information, not to address whether he had ever authorized anyone to leak information. *See* ECF No. 105 at 7-15. At minimum, those questions were fundamentally ambiguous because people of "ordinary intellect [would not] agree" on what Senator Cruz intended to ask Mr. Comey. *United States v. Chujoy*, 207 F. Supp. 3d 626, 651 (W.D. Va. 2016) (quoting *United States v. Lighte*, 782 F.2d 367, 375 (2d Cir. 1986) (alteration in original)). The government's contrary arguments lack merit.

The government scarcely disputes that Senator Cruz's questions were ambiguous. Although it summarily asserts (ECF No. 185 at 5) that "[t]he broad interpretation is the better one," it cites no cases, principles of interpretation, or other authorities to support that assertion.

---

[1] As in Mr. Comey's motion, all references to the exchange between Senator Cruz and Mr. Comey will include citations to the video clip filed as Exhibit A to the motion. There is a transcript available at ECF No. 59-3.

[2] As explained in Mr. Comey's motion, there is no record of Mr. McCabe ever stating that Mr. Comey authorized him to leak information to the Wall Street Journal. ECF No. 105 at 3 n.3.

2

Indeed, its primary support for the broad interpretation—that it "comports with Senator Cruz's facially broad questions"—is entirely circular. *Id.*

The government instead focuses on explaining why Senator Cruz's questions were "merely arguably ambiguous" and thus must be left to the jury. *See id.* at 4, 7-8. But that argument rests on the flawed assertion that, so long as the parties identify multiple possible interpretations of a question, the question raises an issue of fact reserved for the jury. *See id.* at 4 ("[A] question is merely arguably ambiguous when it is 'susceptible to multiple interpretations.'") (citing *United States v. Sarwari*, 669 F.3d 401, 407 (4th Cir. 2012)). In fact, a question need not be totally incomprehensible to be fundamentally ambiguous.

In every fundamental ambiguity case, the defendant and government offer competing interpretations of a question. For instance, in *Lighte*, the government alleged that the defendant lied in response to a question about actions taken in his capacity as a trustee; in turn, the defendant argued that he had understood the government to be asking about actions taken in his personal capacity. 782 F.2d at 375-76. Under the government's theory here, the court should have left it up to jury to decide which interpretation was correct. Instead, it examined the grammatical structure of the questions and the surrounding context and determined that a person of ordinary intellect would not have been able to tell which interpretation was correct. *See id.* at 376. That is precisely how every court that has deemed a question fundamentally ambiguous has approached the issue. *See, e.g.*, *Chujoy*, 207 F. Supp. 3d at 651; *United States v. Serafini*, 167 F.3d 812, 824 (3d Cir. 1999).

The purpose of the fundamental ambiguity analysis is to determine whether a question is "amenable to jury interpretation." *United States v. Ryan*, 828 F.2d 1010, 1015 (3d Cir. 1987), *abrogated on other grounds by*, *United States v. Wells*, 519 U.S. 482, 486, n.3 (1997). To make

3

that determination, it is not enough to ask whether the parties have identified possible interpretations as the government claims. Instead, this Court must examine all relevant factors that bear on whether people of "ordinary intellect [would not] agree" on which interpretation is the right one. *Chujoy*, 207 F. Supp. 3d at 651 (quoting *Lighte*, 782 F.2d at 375) (alteration in original). Here, several factors indicate that they would not: Senator Cruz asked lengthy compound questions, alternated between broad and narrow topics, layered on several factual misstatements and vague terms, and then asked binary questions as to whether Mr. Comey or Mr. McCabe was lying. *See* ECF No. 105 at 8-15.

The government's argument that Senator Cruz did not ask compound questions (ECF No. 185 at 6) elides basic principles of grammar. According to the government "'Who's telling the truth?' is not a compound question" because "[i]t is an either-or question." *Id.* But as courts and commentators have explained, a question that "elicits a single response" may be fundamentally ambiguous if it incorporates "two or more discrete inquiries." Linda F. Harrison, *The Law of Lying: The Difficulty of Pursuing Perjury Under the Federal Perjury Statutes*, 35 U. Tol. L. Rev. 397, 403 (2003); *United States v. Landau*, 737 F. Supp. 778, 783 (S.D.N.Y. 1990). Senator Cruz's questions fit perfectly within that framework. Senator Cruz raised two discrete topics— Mr. Comey's 2017 statement that he had never authorized someone at the FBI to leak, and Mr. McCabe's more recent statement that Mr. Comey had authorized him to leak—but asked Mr. Comey a binary question that allowed for only a singular response. Although those topics are related, an answer addressing the latter does not necessarily address the former. On the contrary, the government's entire theory of Count One is that Mr. Comey authorized someone *other* than Mr. McCabe to leak information. Accordingly, a singular response to "Who's telling the truth?"

4

could not have addressed both inquiries. It thus was a compound question that created fundamental ambiguity.

The government errs in relying (ECF No. 185 at 6) on *United States v. Castner*, 203 F.3d 823 (Table), 2000 WL 103070 (4th Cir. 2000) (per curiam). Most importantly, the defendant in that case did not raise a fundamental ambiguity defense—only a literal truth defense. *Id.* at *1. And in any event, the question at issue in *Castner* was far clearer than Senator Cruz's question. The government asked the defendant "whether he had received the information from 'somebody else . . . like Ricky or David themselves.'" *Id.* The government's use of the word "like" indicated that the government was pointing to "Ricky" and "David" as illustrative examples, not that the government wanted an answer focused solely on "Ricky" and "David." *Id.* Providing illustrative examples to aid a witness in answering a question is not the same as incorporating multiple discrete inquiries into a question. Senator Cruz did no such thing, and the "consequences" of that "imprecision" "must be laid at the table of the questioner, not the questioned." *Serafini*, 167 F.3d at 824 (citing *United States v. Sainz*, 772 F.2d 559, 562 (9th Cir. 1984)).

Acknowledging that Senator Cruz's question "presented an inquiry into the truth of McCabe's statements," the government asserts that "raising an inquiry into a subset of a broader inquiry doesn't take away the broader inquiry." ECF No. 185 at 6. But that assertion ignores the lesson of *Serafini*. When a question immediately follows a statement about "narrow subject matter," a reasonable witness will "treat the question as referentially sequential" to that statement and understand it to be focused on that narrow subject matter. *Serafini*, 167 F.3d at 821. Here, Senator Cruz's statements about Mr. McCabe were "immediately antecedent," *id.*, to his questions:

5

>**Question 1:** Now, as you know, Mr. McCabe, who works for you, has publicly and repeatedly stated that he leaked information to The Wall Street Journal and that you were directly aware of it and that you directly authorized it. Now, what Mr. McCabe is saying and what you testified to this committee cannot both be true; one or the other is false. Who's telling the truth?
>
>**Question 2:** And Mr. McCabe when if he says contrary is not telling the truth, is that correct?

*See* ECF No. 105-1. Although Senator Cruz earlier made broader statements about Mr. Comey's 2017 testimony, a reasonable witness would not have understood the question to be focused on those sequentially removed statements. *Serafini*, 167 F.3d at 821. The government does not even attempt to address *Serafini* or the sequence of Senator Cruz's statements and questions—instead it "lift[s] [Mr. Comey's] statement . . . out of its immediate context" and "giv[es] it a meaning wholly different than that which its context clearly shows." *United States v. Paolicelli*, 505 F.2d 971, 973 (4th Cir. 1974) (quoting *Fotie v. United States*, 137 F.2d 831, 842 (8th Cir. 1943).

The government's arguments (ECF No. 185 at 7) about Senator Cruz's other ambiguous statements also lack merit. According to the government, Senator Cruz's use of the words "ever" and "never" did not inject ambiguity because "Senator Cruz was recounting the defendant's own testimony." *Id.* But that argument misstates the facts—Senator Cruz was recounting *Senator Grassley's questions*, which were themselves ambiguous. As courts have recognized, a question asking a witness whether he has "never" or "ever" committed an act generally cannot serve as the basis for a false-statement charge because it is unfair to hold a witness responsible for remembering—on the spot—every instance in which he may have done something that qualifies. *See Landau*, 737 F. Supp. at 781; *United States v. Razzaia*, 370 F. Supp. 577, 579 (D. Conn. 1973). The fact that Mr. Comey answered Senator Grassley's questions does not diminish the force of that principle. Similarly, the government asserts that

6

Senator Cruz's use of the phrase "someone else at the FBI" was not ambiguous because it "covered anyone 'at the FBI.'" ECF No. 185 at 7 (citation omitted). That conclusory assertion misses the point: the FBI has both onsite and offsite employees working in fulltime and part-time capacities, and Senator Cruz did not specify which he was referring to. Indeed, his use of the word "at" and his focus on Mr. McCabe signaled that he was interested in people like Mr. McCabe, *i.e.*, fulltime employees physically located at the FBI headquarters—not a Special Government Employee who lived and worked in New York City like Daniel Richman. Finally, the government contends that Senator Cruz's reference to the "Clinton Administration" could not have added ambiguity because he had "correctly referred to the 'Clinton investigation' two sentences prior." ECF No. 185 at 7 (citation omitted). It is well-established, however, that jumbled phrases and "defects in syntax or grammar" can render a question more difficult to follow. *Chujoy*, 207 F. Supp. 3d at 651 (quoting *United States v. Strohm*, 671 F.3d 1173, 1179 (10th Cir. 2011).

More fundamentally, the government ignores the collective weight of those ambiguities. Even if those ambiguities did not individually warrant dismissal (and some of them do), they collectively—in combination with the other issues described above—made it impossible for a reasonable witness to know what Senator Cruz was asking. To that argument, the government has no response.

The government's only affirmative point in support of its interpretation is that Mr. Comey's responses—which reaffirmed his 2017 testimony—show that he understood Senator Cruz to be asking a broad question. *See* ECF No. 185 at 5, 7. To be sure, "the defendant's own responses" can be relevant to determining whether a question was fundamentally ambiguous because they could reveal that the defendant understood the question to have a particular

7

meaning. *Chujoy*, 207 F. Supp. 3d at 651 (quoting *Strohm*, 671 F.3d at 1179). But here, Mr. Comey's responses reveal nothing of the sort. When faced with Senator Cruz's lengthy compound question—riddled with vagaries and misstated facts—Mr. Comey did what most reasonable people would: he tried to move on and say as little as possible. The only thing that Mr. Comey's testimony makes clear is that he recognized Senator Cruz was asking him to comment on Mr. McCabe's statements and that he refused to do so. *See* ECF No. 105-1 ("I can only speak to my testimony."); *see id.* ("I'm not going to characterize Andy's testimony."). Besides that, Mr. Comey's decision to refer Senator Cruz to his prior testimony reveals nothing about the meaning of Senator Cruz's questions.

In sum, the government fails to explain how people of ordinary intelligence could have understood Senator Cruz's questions to have the meaning the government now places on them. And the government's failure to engage with the relevant legal principles reinforces that the best—and perhaps only—way for Mr. Comey "inject into the question[s] sufficient intelligibility so that he could reply" was to treat them as focused on Senator Cruz's "immediately antecedent" assertion about Mr. McCabe. *Serafini*, 167 F.3d at 821. Accordingly, those questions were fundamentally ambiguous and Count One should be dismissed.

### B. To the Extent Count Two Rests on the Same Questions, It Should Be Dismissed for the Same Reasons

As Mr. Comey's motion explained, Count Two should also be dismissed if it relies on the same questions and answers as Count One. ECF No. 105 at 20. The government contends that Count Two does not rest on the same questions and answers because it also relies on separate exchanges (at the same hearing) with Senators Lindsey Graham and Josh Hawley. ECF No. 185 at 12. But as the record shows, the grand jury failed to return a true bill on a false-statement charge that relied on Mr. Comey's responses to Senators Graham and Hawley. *See* ECF No. 3 at

8

2. It is thus unlikely that the grand jury relied on those exchanges in returning an indictment on Count Two.

The government also speculates (ECF No. 105 at 11) that the fundamental ambiguity defense does not apply to obstruction-of-justice charges under 18 U.S.C. § 1505. But it does not cite any precedent that supports that assertion. On the contrary, there is every reason to think that a defendant may raise a fundamental ambiguity defense in this context. Two "purpose[s] of the rule of fundamental ambiguity" are to "prevent witnesses from unfairly bearing the risks of inadequate examination" and to "encourage witnesses to testify." *United States v. Farmer*, 137 F.3d 1265, 1269 (10th Cir. 1998). Those purposes apply equally to obstruction, where the government seeks to punish a witness for providing false or misleading statements that prevent an official from obtaining answers to specific questions. If the official's questions defy interpretation, then it is difficult to see how a witness could mislead the official. Thus, if Count Two rests solely on Senator Cruz's questions, it should be dismissed as well.

## II.     COUNT ONE SHOULD ALSO BE DISMISSED BECAUSE MR. COMEY'S ANSWERS WERE LITERALLY TRUE

Mr. Comey did not provide new testimony in response to Senator Cruz's questions. Instead, he simply referred Senator Cruz to his prior testimony, stating "I stand by . . . the testimony you summarized" and "mine is the same today." ECF No. 105-1. Those statements were literally true and thus cannot serve as the basis for a false-statement charge. *See* ECF No. 105 at 16-20.

Citing *United States v. Lighte*, 782 F.2d 367 (2d Cir. 1986), the government concedes (ECF No. 185 at 10) that "when a defendant accurately confirms that he previously gave certain testimony, that confirmation cannot be false even if the underlying testimony was false." But according to the government, Mr. Comey did not simply confirm his prior testimony—he

9

effectively repeated the content of his prior testimony. *Id.* That argument rests on a misunderstanding of *Lighte*. In *Lighte*, the questioner asked the defendant: "Am I to understand that you permitted Mr. Diaz to open an account with your name without asking why or what its [sic] going to be used for?" 782 F.2d at 374. The defendant "responded that that was how he had testified" previously. *Id.* In other words, the defendant did exactly what Mr. Comey did: He answered a question about whether he had performed a specific act by referring the questioner to his previous testimony stating that he had not. And as the Second Circuit explained in determining that the statement could not "support a perjury charge," that kind of "response is truthful, regardless of whether" the original statement was truthful. *Id.*

The government's reliance on *United States v. Weissman*, No. 94-cr-760, 1996 WL 742844 (S.D.N.Y. Dec. 20, 1996), only underscores why Mr. Comey's testimony was literally true. In *Weissman*, the defendant did not simply refer the questioner to his prior testimony—he restated that testimony in full:

> Q: There have been reports in the media in the last week or so discussing differences in the numbers that were filed in the annual statements with the Insurance Department versus the numbers in the internal records of Empire .... Could you explain to us why there might be those differences and what would account for a difference in the numbers between what is in your Black Book for a given year and what you file with the Insurance Department for that year?
>
> A: As I indicated earlier, there was a window between when the internal accounting records were completed and when we did the annual statement. *I would look at the updated information, which included the profit and loss by account information from the underwriters, plus any updated claims information. I would then look at that information against the allocation that the actuary had done in preparing the Black Books for claims for the market segment, and then any adjustments that I thought had to be made to the allocations I would do.*

*Id.* at *18. Because the italicized language was the basis for the false statements charge, the court simply held that the defendant's use of the phrase "[a]s I indicated earlier" did not allow him to invoke the literal truth doctrine where he had expressly repeated his prior testimony. *Id.*

10

at *19.  That commonsense conclusion has no bearing on this case, where all Mr. Comey did was refer Senator Cruz to his prior testimony without repeating a word of it or elaborating on it in any other way.

The government cannot use a false-statement charge to punish a witness who provides a literally true answer, even if that answer was perhaps non-responsive.  If Senator Cruz wanted Mr. Comey to do more than refer to prior testimony, he could have pressed for a direct answer or asked Mr. Comey to elaborate on specific topics.  *See Bronston v. United States*, 409 U.S. 352, 362 (1973) (explaining that the burden is on the questioner to "press on for the information he desires").  His failure to do so means that the only answer Mr. Comey provided was a literally true reference to his prior testimony.   Thus, regardless of whether Senator Cruz's questions were fundamentally ambiguous, Count One should be dismissed.

## CONCLUSION

For the foregoing reasons, the indictment should be dismissed with prejudice.

Dated: November 20, 2025                Respectfully submitted,

                                                 JAMES B. COMEY, JR.
                                                 By Counsel

                                                 */s/   Jessica N. Carmichael*
                                                 Jessica N. Carmichael (VA Bar No. 78339)
                                                 CARMICHAEL ELLIS & BROCK, PLLC
                                                 108 N. Alfred Street, First Floor
                                                 Alexandria, VA 22314
                                                 Telephone: (703) 684-7908
                                                 Facsimile: (703) 649-6360
                                                 Email: jessica@carmichaellegal.com

                                                 Patrick J. Fitzgerald (*pro hac vice*)
                                                 (Mich. Bar No. P86579)
                                                 P.O. Box 277
                                                 New Buffalo, MI 49177
                                                 Telephone: (312) 758-4454

                                                 Rebekah Donaleski (*pro hac vice*)
                                                 COOLEY LLP
                                                 55 Hudson Yards
                                                 New York, NY 10001
                                                 Telephone: (212) 479-6000

                                                 Ephraim A. McDowell (*pro hac vice*)
                                                 Elias S. Kim (*pro hac vice*)
                                                 COOLEY LLP
                                                 1299 Pennsylvania Ave. NW, Suite 700
                                                 Washington, DC 20004
                                                 Telephone: (202) 842-7800

                                                 Michael R. Dreeben (*pro hac vice*)
                                                 600 New Jersey Ave. NW
                                                 Washington, DC 20001
                                                 Telephone: (202) 695-2562

                                                 *Counsel for Defendant James B. Comey, Jr.*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 20th day of November, 2025, a true copy of the foregoing document was filed electronically through the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

<u>/s/   *Jessica N. Carmichael*            </u>
Jessica N. Carmichael

*Counsel for Defendant James B. Comey, Jr.*