IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| United States of America, ) | |
| ) | |
| v. ) | Case No.: 1:25-CR-00272-MSN |
| ) | |
| James B. Comey, Jr., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## JAMES B. COMEY JR.'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR A BILL OF PARTICULARS

Exhibit 2

**PATRICK J. FITZGERALD, ESQ.**

c/o Carmichael, Ellis, and Brock
108 N. Alfred Street
Alexandria, VA 22314
patrickjfitzgeraldlawoffice@gmail.com

Lindsey Halligan, Esq.
United States Attorney
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA 22314

October 29, 2025

<u>**Re: United States v. James Comey; No. 1:25-CR-272**</u>

Dear Ms. Halligan:

We write to supplement the defense's prior letter to you, dated October 2, 2025 (hereafter "The Document Request"), in relation to the above-referenced matter. We write to make specific additional requests to preserve and produce certain documents highly relevant to core issues we intend to raise in this case. In particular, we supplement the Document Request as follows:

First, we broaden the definition of the government to explicitly include the United States Attorney's Office for the Western District of Virginia ("WDVA") throughout the letter.

Second, we broaden the definition of the government to explicitly include the "Interagency Weaponization Working Group," and any other such entity, regardless of name, which includes officials from the Office of the Director of National Intelligence ("ODNI"), the Department of Justice ("DOJ"), the Federal Bureau of Investigation (the "FBI"), and the Central Intelligence Agency ("CIA") and which conducted any intelligence or criminal investigation or inquiry concerning Mr. Comey. The definition of government in the letter is broadened to include any agency that participated in such working groups.

Third, we supplement Document Category One ("Any and all documents and communications that relate to the purported appointment of Lindsey Halligan as Acting or Interim United States Attorney or otherwise purports to invest Lindsey Halligan with the authority to investigate, charge, and/or prosecute this case") to also include:

(1) Any and all documents concerning the demotion of Zachary Lee from the position of First Assistant United States Attorney ("FAUSA") in WDVA and the reasons for that demotion as well as any and all documents reflecting an effort to further demote or marginalize Mr. Lee and to seek his dismissal or resignation;

(2) Any and all documents concerning the selection of Robert Tracci as FAUSA in WDVA and the reason for his selection; and

(3) Any and all documents concerning the resignation of interim United States Attorney Todd Gilbert, including, but not limited to, documents indicating that he would be terminated if he did not resign and the reasons why that action was taken.

1

Fourth, we supplement Document Category Two ("Any and all documents and communications relating to whether probable cause supports the prosecution, including but not limited to, all internal memoranda discussing that issue or recommending that a prosecution of this case proceed or be declined") by:

(1) Broadening the requests in subsections 1, 2, and 3 of Category Two to also include any and all documents and communications addressing whether there was a sufficient basis for either a criminal investigation or a grand jury investigation into the circumstances concerning the storage and/or potential destruction of documents in various rooms at FBI headquarters;

(2) Adding subsection 4 of Category Two to also include any and all documents and communications in Serial 113 that constitute "internal communications" produced by the FBI Insider Threat Office on October 15, 2025, as referenced in Serial 133 dated October 17, 2025, for the following individuals:



(3) Amending the list of prosecutors under 1(a) at p. 9 of the Document Request to add:

   (a) Todd Gilbert (United States Attorney for W.D. Va.);

   (b) Zachary Lee (former First Assistant United States Attorney for W.D. Va.);

   (c) Robert Tracci (First Assistant United States Attorney for W.D. Va.);

   (d) Katie Medearis (Criminal Chief for W.D. Va.);

   (e) Laura Taylor (Civil Chief for W.D. Va.); and

   (f) Vito Aiai (Assistant United States Attorney for W.D. Va.).

Fifth, we supplement Document Category Four ("Any and all documents and communications concerning President Trump's personal hostility to James Comey") to include:

(1) Any and all documents concerning the potential prosecutions of the following individuals for allegedly making false statements, committing perjury or otherwise obstructing justice for testimony provided to Congress by:

  (a) Jeff Sessions (former Attorney General);

  (b) Steve Mnuchin (former Treasury Secretary);

  (c) Scott Pruitt (former Administrator of the Environmental Protection Agency); and

  (d) Tom Price (former Secretary of Health and Human Services);

The relevant materials include, but are not limited to:

  (a) Transcripts of the relevant testimony;

  (b) Any and all documents or exhibits or records of statements or testimony that tends to prove the testimony of the above official was false;

  (c) Any and all criminal referrals made regarding the above individuals;

  (d) Any and all records of any investigative steps taken regarding the alleged false testimony;

  (e) Any and all records of any investigative steps considered but not taken in relation to the alleged false testimony;

  (f) Any and all prosecution or declination memos concerning the alleged false testimony; and

  (g) Any and all records of communications between the DOJ and/or the FBI on one hand and the White House on the other concerning the above investigations.

  Sixth, we supplement the Document Request to add Document Category Ten, which requests any and all documents concerning any potential sources for the media articles produced in discovery, as detailed below.

  Seventh, we supplement the Document Request to add Document Category Eleven, which requests any and all documents concerning a potential privilege taint in this matter, as detailed below.

  Eighth, we supplement the Document Request to add Document Category Twelve, which requests any and all documents concerning the Counterintelligence Operational Leads (CIOLs) and classified documents pertaining to the Clinton investigation and Trump campaign that were provided to, brought to the attention of, or reviewed by Mr. Comey in 2016.

           \*   \*   \*

**CATEGORY TEN: ANY AND ALL DOCUMENTS CONCERNING ANY POTENTIAL SOURCES FOR ANY OF THE MEDIA ARTICLES PRODUCED IN DISCOVERY.**

  Count One of the indictment charges Mr. Comey with "falsely stating that he, JAMES B. COMEY, JR., had not 'authorized someone else at the FBI to be an anonymous source in news reports' regarding the FBI investigation concerning [Hillary Clinton]." ECF No. 1 at 1. The indictment alleges that this "statement was false, because, as JAMES B. COMEY JR. then and there knew, he in fact had authorized [Daniel Richman] to serve as an anonymous source in news reports regarding an FBI investigation concerning [Hillary Clinton]." *Id.* To date, the government has produced numerous publicly available media articles, many of which reference anonymous sources. In fact, the government spent years investigating whether Mr. Richman was an anonymous source for certain of those articles, and ended that

3

investigation with no criminal charges. Mr. Comey is entitled to any information possessed by the government regarding the potential other anonymous sources used in creating any articles for which the government contends Mr. Richman served as an anonymous source.

Accordingly, for each article the government contends includes anonymous source information provided by Mr. Richman with the authorization of Mr. Comey, in addition to the standard Rule 16 discovery that we are entitled to receive promptly, we are entitled to receive the following categories of documents pursuant to Rule 16 and *Brady* and its progeny, all of which are material to Mr. Comey's ability to defend this case in pretrial motion practice and/or at trial:

(1) Any and all documents reflecting access by any government personnel to the information that appeared in such articles;

(2) Any and all documents concerning communications between any of those potential sources and the media;

(3) Any and all documents reflecting interviews (including proffers) of, or testimony by, those potential sources or their refusals to be interviewed or to provide testimony;

(4) Any and all phone records or emails gathered concerning those potential sources;

(5) Any and all telephone records or texts or emails or any metadata gathered concerning the reporters or contributors for those articles;

(6) Any and all records of polygraph examinations conducted of such potential sources or refusals by such potential sources to be polygraphed; and

(7) Any and all analyses of potential prosecutions of the other sources.

**CATEGORY ELEVEN: ANY AND ALL DOCUMENTS CONCERNING A POTENTIAL PRIVILEGE TAINT IN THIS MATTER.**

As set forth in the discovery produced to date, on September 25, 2025, Special Agent ▮▮▮▮ notified the FBI's Office of General Counsel (OGC) about a potential privilege spill. Specifically, Agent ▮▮▮▮ reported that "evidence obtained in the Government's investigation of James Comey may constitute attorney-client privileged or attorney-client confidential information" in addition to "attorney work-product information." 000002088. On September 29, 2025, OGC replied with guidance for Agent ▮▮▮▮ and Senior Advisor ▮▮▮▮▮▮, including that those exposed to the privileged information "are not to discuss any information that may [be privileged]," that they should not contribute to the "drafting of any legal process," should not "serve as an affiant with regard to any potential legal process," and that a "taint attorney" would be appointed. We are entitled to the following information pursuant to Rule 16 and *Brady* and its progeny, all of which is material to Mr. Comey's ability to defend this case in pretrial motion practice and/or at trial, including to assess the extent of the taint and the government's apparent mishandling of privileged information to assess his remedies:

(1) Any and all documents concerning the exposure of any member of the prosecution team (whether attorney, agent, support staff or other position) to any evidence that might contain attorney-client privileged information, attorney-client communications, or attorney-client work product, including, but not limited to, documents concerning:

  (a) The time and date of each and every exposure and the identity of the document or communication at issue and the identity of the person exposed;

4

(b) All steps taken to remedy such exposure; and

(c) Whether Agent ▊▊▊, Mr. ▊▊▊▊▊▊▊, or any others exposed to Mr. Comey's privileged material contributed to the drafting of legal process, testified in any proceeding (including before the grand jury), or served as the affiant in this matter on or after September 25, 2025.

**CATEGORY TWELVE: ANY AND ALL DOCUMENTS CONCERNING CIOLs AND CLASSIFIED DOCUMENTS PERTAINING TO THE MIDYEAR EXAM INVESTIGATION, HILLARY CLINTON, AND CROSSFIRE HURRICANE THAT WERE PROVIDED TO, BROUGHT TO THE ATTENTION OF, OR REVIEWED BY MR. COMEY IN 2016, AS WELL AS ANY AND ALL OTHER DOCUMENTS AND COMMUNCIATIONS RECEIVED BY MR. COMEY AS DIRECTOR OF THE FBI IN THE SUMMER AND EARLY FALL OF 2016.**

The indictment alleges in Count Two that Mr. Comey obstructed justice by "making false and misleading statements" before the Senate Judiciary Committee on September 30, 2020. ECF No. 1 at 2. Although the government has failed to specify which of Mr. Comey's statements on September 30, 2020 it believes were false, it has thus far produced documents related to a CIOL dated September 7, 2016, which Mr. Comey was questioned about in the September 30, 2020 Senate Judiciary Committee hearing. *See* Tr. at 2:51:45-2:52:35.

If the government intends to present evidence as part of its case in chief at trial regarding the CIOL dated September 7, 2016 that Mr. Comey was questioned about in the September 30, 2020 Senate Judiciary Committee hearing, Mr. Comey is entitled to any and all documents that would rebut the inference that this CIOL was memorable to him as of September 30, 2020. Therefore, to the extent Count Two (or any other aspect of the government's case in chief) is premised on the September 7, 2016 CIOL, in addition to the standard Rule 16 discovery that we are entitled to receive promptly, we are entitled to receive the following categories of documents pursuant to Rule 16 and *Brady* and its progeny, all of which are material to Mr. Comey's ability to defend this case in pretrial motion practice and/or at trial:

(1) Any and all documents reflecting Mr. Comey's receipt or review of CIOLs concerning the Midyear Exam investigation, Hillary Clinton, or the Crossfire Hurricane investigation between January 1, 2016 and September 30, 2016, including but not limited to:

(a) The CIOLs themselves; and

(b) Documentation reflecting Mr. Comey's receipt or review thereof;

(2) Any and all documents reflecting Mr. Comey's receipt or review of classified information concerning the Midyear Exam investigation, Hillary Clinton, or the Crossfire Hurricane investigation between January 1, 2016 and September 30, 2016;

(3) Any and all documents reflecting discussion involving Mr. Comey of CIOLs concerning the Midyear Exam investigation, Hillary Clinton, or the Crossfire Hurricane investigation between January 1, 2016 and September 30, 2016;

(4) Any and all documents reflecting discussion involving Mr. Comey of classified information concerning the Midyear Exam investigation, Hillary Clinton, or the Crossfire Hurricane investigation between January 1, 2016 and September 30, 2016; and

(5) Any and all communications or documents received by Mr. Comey in his capacity as Director of the FBI between July 1, 2016 and September 30, 2016. "Communications" as used in this sub-request five includes, but is not limited to:

    (a) Emails;

    (b) Phone calls;

    (c) Text messages;

    (d) Records of oral communications;

    (e) Meeting invitations and calendar entries; and

    (f) Hard copies of written communications delivered to Mr. Comey or his staff.

Sincerely,

*/s/ Jessica N. Carmichael*

Jessica N. Carmichael
CARMICHAEL ELLIS & BROCK, PLLC
108 N. Alfred Street, First Floor
Alexandria, VA 22314
Telephone: (703) 684-7908
Facsimile: (703) 649-6360
Email: jessica@carmichaellegal.com

Patrick J. Fitzgerald
P.O. Box 277
New Buffalo, MI 49177
Telephone: (312) 758-4454

Rebekah Donaleski
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6000

Ephraim A. McDowell
Elias S. Kim
COOLEY LLP
1299 Pennsylvania Ave. NW, Suite 700
Washington, DC 20004
Telephone: (202) 842-7800

Michael R. Dreeben

6

600 New Jersey Ave. NW
Washington, DC 20001
Telephone:  (202) 695-2562

*Counsel for Defendant James B. Comey, Jr.*