**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **United States of America** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:25CR272** |
| | ) | |
| **James Comey** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MOTION TO AMEND AND CLARIFY**
**PROTECTIVE ORDERS AND FOR EXPEDITED REVIEW**

James Comey, by counsel, moves this Honorable Court to amend: (1) the Protective Order concerning discovery materials entered in this case by the Court on October 13, 2025 (Dkt. No. 40) ("the Discovery Protective Order") and (2) the Protective Order Pertaining to Classified Information entered by the Court on October 14, 2025 (Dkt. No. 42) ("the Classified Discovery Protective Order"). Mr. Comey seeks to modify both protective orders for the purpose of allowing defense counsel to communicate in a timely fashion substantial materially exculpatory information to the prosecutors conducting a grand jury investigation in the District of Columbia in the matter of *United States* v. *James Brien Comey, Jr.*, No. 1:26-CR-00229-TNM.

In support of this request, Mr. Comey states as follows:

On October 5, 2026, Mr. Comey was notified that the United States had purported to charge him in an Information filed that day in the District of Columbia with two counts of violating Title 18, United States Code, Section 793 in connection

with an October 5, 2916, *New York Times* article. That Information has been assigned to United States District Judge Trevor McFadden of the District of Columbia.[1] No indictment has been obtained in that matter to date. However, a prosecutor working out of the Office of the Deputy Attorney General as a Special Assistant United States Attorney in the District of Columbia has stated in open court that he is presenting the matter to a grand jury in the District of Columbia.

Rule 3.8(g) of the District of Columbia Rules of Professional Conduct, which governs the conduct of all federal prosecutors practicing in the District of Columbia,[2] obliges prosecutors "to bring to the attention of the grand jury material facts tending substantially to negate the existence of probable cause." Mr. Comey's defense team intends to submit to the prosecution team a marshaling of the substantial materially exculpatory evidence it is aware of, which includes, but is not limited to, materials governed by both the Discovery Protective Order and the Classified Discovery Protective Order, so that such material may be brought to the attention of the grand jury.

Paragraph 4(c) of the Discovery Protective Order (a copy of which is annexed as Exhibit One) provides that "unless and until further ordered by the court," the defense team "shall not ... use the Protected Materials or information contained therein .. for any purpose other than preparing to defend against the criminal

---

[1] There is a pending motion to dismiss the Information on statute of limitations grounds that Judge McFadden has taken under advisement.
[2] *See* Local Criminal Rule 57.26(a) of the Rules of the United States District Court for the District of Columbia.

charges in this matter." Similarly, the Classified Discovery Protective Order (a copy of which is annexed as Exhibit Two) provides at p. 4 that classified information governed by that order "is to be used … solely for the purpose of litigating this case."

Mr. Comey seeks to amend both protective orders in order to allow the materials governed by those orders to also be used in connection with litigating the District of Columbia case subject to all the conditions of those protective orders until such time if, and when an indictment is returned in the District of Columbia. If an indictment were to be returned in the District of Columbia, use of the materials in the District of Columbia proceeding would thereafter be governed by protective orders that would be entered by Judge McFadden.[3]

There is one additional clarification proposed for the Classified Discovery Protective Order at p. 12 to make clear that the case remains open in the Eastern District of Virginia for purposes of the Classified Discovery Protective Order until the final resolution of the appeal currently pending before the United States Court of Appeals for the Fourth Circuit and then any subsequent prosecution efforts that may follow.

The proposed amendments would serve two important purposes: first, they would facilitate the ability of Mr. Comey's defense team to engage with the relevant prosecutors on a timely basis and provide information to them that should be

---

[3] The protective orders entered by this Court would govern during any gap of time between the return of an Indictment in the District of Columbia and the entry of protective orders by Judge McFadden.

disclosed to the grand jury. Secondly, if an Indictment were to be returned, they would allow the defense team to efficiently use its existing attorney work-product which includes notes and annotations to materials it has already reviewed.

Based on statements made by the government at hearings before Judge McFadden, the government intends to seek an indictment from a grand jury in the District of Columbia in the near term and thus Mr. Comey respectfully requests expedited consideration of the motion so that the substantial exculpatory material may be promptly brought to the attention of the grand jury.

Counsel conferred with the lead prosecutor on the District of Columbia matter,[4] who advised that the government opposes this motion for reasons set forth in an email that is appended as Exhibit Three.

To be clear, the government willingly shared discovery with Mr. Comey about its prior investigations into the alleged leak of classified information in the October 5, 2016, *New York Times* article last year in the instant case where that article was not part of the charged conduct.[5] However, the government objects now when the defense seeks permission to use and discuss that exculpatory information with the prosecutors currently seeking to bring charges arising directly from publication of

[4] None of the attorneys who handled the matter before this Court (Lindsey Halligan, Tyler Lemons and Gabriel Diaz) remain employed by the government.

[5] As the Court will recall, the charges in the instant case alleged that Mr. Comey made false statements about whether he had "authorized someone else at the FBI to be an anonymous source in news reports" regarding an FBI investigation of "[Person 1]." Count One. The article at issue in the District of Columbia concerns Yahoo and reports about the scope and lawfulness of its surveillance efforts.

that article, in an effort by the defense to ensure that the exculpatory material therein is brought to the attention of the grand jury.

Moreover, in August 2025, then Attorney General Pam Bondi and FBI Director Kash Patel publicly released redacted versions of FBI documents broadly discussing this matter, including the conclusion by former United States Attorney John Durham that the investigation of the *New York Times* article did not warrant prosecution of anyone.[6] And in public filings in the District of Columbia, the Government described the existence of draft talking points circulating amongst intelligence officials prior to a key conversation between the former General Counsel of the FBI and the *New York Times*.

But the government nevertheless argues that even with the protections of this Court's protective orders, Mr. Comey's counsel should not be able to discuss with one set of federal prosecutors (and by extension, the grand jury considering these charges) exculpatory information contained in materials provided by another set of prosecutors. This would be a particularly absurd result given that the protective orders would allow the defense to discuss the materials with Acting Deputy Attorney General Trent McCotter[7] in relation to the instant dismissed case but, at the instigation of the intelligence community, prohibit the defense from

[6] *See* FBI Memorandum at 3 (Feb. 25, 2020), https://perma.cc/HS9M-XR4B.

[7] Mr. McCotter entered a notice of appearance earlier today in the United States Court of Appeals for the Fourth Circuit concerning the appeal of the instant case. *See* Docket Entry # 81 in Case 25-4673.

discussing those same materials with Mr. McCotter concerning the case where they are far more relevant and where an indictment will be sought imminently.

A proposed order is appended to this motion.

For all of these reasons, Mr. Comey requests that his motion be granted on an expedited basis.

Respectfully submitted,

JAMES BRIEN COMEY, JR.
By Counsel

/s/ *Rebekah Donaleski*
Rebekah Donaleski*
NY Bar No. 4986246
COOLEY LLP
55 Hudson Yards
New York, NY 10001
(212) 479-6000
rdonaleski@cooley.com

/s/ *Ephraim A. McDowell*
Ephraim A. McDowell*
DC Bar No. 1631429
COOLEY LLP
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004
(202) 842-7800
emcdowell@cooley.com

**admitted pro hac vice*

/s/ *Jessica N. Carmichael*
Jessica N. Carmichael
VA Bar No. 78339
CARMICHAEL ELLIS & BROCK, PLLC
108 N. Alfred Street, First Floor
Alexandria, VA 22314
(703) 684-7908
jessica@carmichaellegal.com

/s/ *Patrick J. Fitzgerald*
Patrick J. Fitzgerald*
Mich. Bar No. P86579
P.O. Box 277
New Buffalo, MI 49177
(312) 758-4454
patrickjfitzgeraldlawoffice@gmail.com

/s/ *Michael R. Dreeben*
Michael R. Dreeben*
DC Bar No. 370576
600 New Jersey Avenue NW
Washington, DC 20001
(202) 695-2562
mrd28@georgetown.edu

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of November 2026 I filed the foregoing pleading through the ECF system, which shall then send an electronic copy of this pleading to all parties in this action.

/s/

Jessica N. Carmichael