**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **United States of America** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:25CR272** |
| | ) | |
| **James Comey** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MOTION TO AMEND AND CLARIFY**
**PROTECTIVE ORDERS AND FOR EXPEDITED REVIEW**

Exhibit 3

**From:** **Farahnak, Dustin (USATXE)** Dustin.Farahnak@usdoj.gov
**Subject:** RE: [EXTERNAL]
**Date:** November 5, 2026 at 2:42 PM
**To:** Patrick Fitzgerald patrickjfitzgeraldlawoffice@gmail.com

Mr. Fitzgerald, thank you for the opportunity to conference on your proposal. Please state my position as follows:

The government respectfully opposes this motion and further advises:

The classified and otherwise sensitive information subject to this protective order in EDVA was made available to the defense after a fulsome process with the intelligence community that ultimately allowed disclosure in a very specific manner limited solely to this case in this district. The classified and otherwise sensitive information may have some overlap but is not the same, nor is the exact purpose the same, and so it requires an entirely independent completion of a review process with the intelligence community in relation to how the prosecution team may or may not utilize any of it.

To the extent Mr. Comey contends that as a result of the separate case in EDVA, he has knowledge of information he believes to be exculpatory to potential charges in the District of Columbia, the prosecution team in the District of Columbia requests that he identify such evidence in an unclassified manner (i.e., bates number or other identifying feature), wherein the prosecutors may thereby access and review these items to determine first whether they were already known and considered and if not, whether they merit further consideration towards future decision making.

The U.S. Supreme Court's decision in *United States v. Williams*, 504 U.S. 36 (1992) makes it clear that a federal grand jury is not a trial jury. Its function is to determine whether probable cause exists to believe that a crime has been committed, not to adjudicate guilt or innocence. Nor is there a mechanism by which a criminal defendant may direct what evidence is presented to the grand jury. Accordingly, any consideration of purportedly exculpatory evidence is more appropriately addressed if the grand jury returns an indictment.

Very Respectfully,

--

Dustin Farahnak
Dustin.Farahnak@usdoj.gov
Assistant United States Attorney
Project Safe Neighborhoods Coordinator
Eastern District of Texas
[redacted] – Office
[redacted] – Cell

**Confidentiality Notice:** E-mails from the United States Attorney's Office normally contain confidential and privileged material and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted

e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof.

---

**From:** Patrick Fitzgerald <patrickjfitzgeraldlawoffice@gmail.com>
**Sent:** Wednesday, November 4, 2026 11:04 AM
**To:** Farahnak, Dustin (USATXE) <Dustin.Farahnak@usdoj.gov>
**Subject:** [EXTERNAL]

Here is the proposed order....

thanks

Pat